John J. Ruping, as Executor of Sarah J. Ruping, Deceased, Respondent, *v.* Great Atlantic & Pacific Tea Company et al., Appellants, et al., Defendants.

Third Department, January 17, 1952.

*P. C. Dugan* for Great Atlantic & Pacific Tea Company, appellant.

*Malcolm G. Bibby* for Cliquot Club Bottling Co., Inc., appellant.

*John J. Sweeney* for respondent.

Heffernan, J. On the 27th day of August, 1948, plaintiff's testatrix, his wife, was a patron in the store of the defendant the Great Atlantic & Pacific Tea Company, in the city of Watervliet, New York, and while there she was injured because of the explosion of a bottle of Cliquot Club ginger ale. The complaint alleges that her injuries were sustained without any negligence on her part but because of the combined negligence of the three defendants.

Plaintiff's testatrix never instituted any action to recover damages for her alleged injuries. She died from other causes on the 5th day of July, 1950, leaving a last will and testament in which the plaintiff was named as executor. This will was duly admitted to probate by the Surrogate's Court of Rensselaer

County and letters testamentary were issued to the plaintiff on the 15th day of August, 1950. He duly qualified as such executor and is still so acting.

The cause of action for decedent's injuries survived her death. (Decedent Estate Law, § 119.) If decedent had lived she could have brought such action at any time within three years from the date of injury. (Civ. Prac. Act, § 49, subd. 6.) On July 25, 1951, the plaintiff, as executor, instituted the present action. Thereafter the defendants interposed separate answers alleging, among other things, in each instance the defense of the Statute of Limitations on the ground that the action was not commenced within one year after decedent's death. Plaintiff moved to strike out these defenses and from an order granting that application the two defendants referred to have come to this court.

Defendants-appellants assert that because the decedent died on July 5, 1950, the time to commence the action was cut down to one year from the date of her death and they cite section 20 of the Civil Practice Act in support of that contention. That section reads: " *Effect of death of claimant before expiration of limitation.* If a person entitled to maintain an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representative after the expiration of that time and within one year after his death."

We cannot agree with this contention. The injuries, for which plaintiff sues, as we have said, occurred on August 27, 1948, and the three-year Statute of Limitations prescribed in subdivision 6 of section 49 of the Civil Practice Act is applicable thereto. The time limit for the commencement of this action would not expire until August 27, 1951. The time within which this action could have been commenced did not expire with the claimant's death. As a matter of fact, section 20, which we have quoted, obviously was enacted for the purpose of extending the statutory period in the event of death and not to reduce it. The words — " after the expiration of that time " — makes such intention crystal clear.

The learned Justice at Special Term properly disposed of this motion. The order appealed from should be affirmed, with $10 costs and disbursements to respondent against the appellants.

Foster, P. J., Brewster, Bergan and Coon, JJ., concur.

Order affirmed, with $10 costs and disbursements to the respondent against the appellants.