M. Henry Martuscello, J.
This is a motion pursuant to rule 104 of the Buies of Civil Practice to strike out defendant’s second affirmative defense on the ground that it is sham.
The complaint contains two causes of action, the first for damages for personal injuries suffered by plaintiff’s testator prior to his death, and the second for damages for wrongful death resulting therefrom.
It appears that the accident in question occurred on September 6, 1953 and that the decedent died on May 18, 1956. The action herein was not commenced until November 20, 1957; and the defendant sets up in the defense under attack that both actions are barred by the Statute of Limitations.
Plaintiff contends that since decedent died within three years of the date of the accident this action was timely brought because it was started within two years of the date of death and within 18 months after his appointment as executor.
In referring to the afore-mentioned 18-month period plaintiff apparently relies on section 21 of the Civil Practice Act. Said section concerns the death of a person against whom a right of action exists, and is therefore inapplicable here.
Section 20 of the Civil Practice Act controls the personal injury action. That section concerns the death of a person before the expiration of the time within which such a person *565 might begin an action, and authorizes, if the cause of action survives, the beginning of an action by his representative, even after the expiration of the time otherwise prescribed, provided it be brought within one year after the death of the person who died while entitled to maintain the action. Accordingly, the period within which to bring the personal injury action was extended one year beyond decedent’s death. The instant action was started after the expiration of the extended period and therefore the defense interposed is valid as to the personal injury cause of action and cannot be classified as sham.
The death action, however, has not been outlawed. Section 130 of the Decedent Estate Law authorizes a personal representative to bring an action for wrongful death against a person who would have been liable to an action in favor of the decedent by reason thereof, if death had not ensued, provided such death action is brought within two years after the decedent’s death. Since the time to bring an action for personal injuries had not expired when plaintiff’s testator died, said wrongful death action was timely brought inasmuch as it was commenced within two years after the date of death. (See McDonough v. Cestare, 3 A D 2d 201, 205, 206; cf. Mazza v. Aurecchione, 126 N. Y. S. 2d 709.)
The authorities relied upon by defendant in support of his contention that the death action is barred are not in point. They refer to cases where the decedent’s right to maintain an action for personal injuries had expired prior to death ensuing.
Accordingly, the motion is denied with respect to the first cause of action and granted as to the second cause of action, with leave to the defendant to serve an amended answer interposing the defense in question with respect to said first cause of action, within 20 days after service of a copy of the order to be entered hereon.
Settle order on notice.