[Civ. No. 588.   Fifth Dist.   July 13, 1966.]

DEPARTMENT OF MENTAL HYGIENE, Plaintiff and Respondent, v. FRANCES C. LUCAS, as Administratrix, etc., Defendant and Appellant.

Clarence H. Wilson for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Plaintiff and Respondent.

McMURRAY, J. pro tem.* — Plaintiff's creditor's claim against the estate of George Algie Benton, deceased, was rejected by the defendant administratrix and a subsequent suit based thereon resulted in a judgment for $4,839.99 in plaintiff's favor. George Algie Benton, at the time of his death, was a mental patient in a state hospital; the amount of the judgment here represents unpaid charges for his care for

*Assigned by the Chairman of the Judicial Council.

four years immediately preceding his death. The action, based on the provisions of Welfare and Institutions Code section 6658 was commenced within one year of the issuance of letters of administration.

At the trial the open ledger account of plaintiff was introduced showing all credits and debits to decedent during the four years next preceding his death. Testimony was adduced by the deceased's guardian showing that for approximately 20 years workmen's compensation benefits of $20 per month were paid to the plaintiff by an insurance company which admitted liability for medical payments for the industrial accident that occasioned the deceased's mental condition and subsequent commitment to a state institution; that in addition to the above payments, the guardian received wage payments from the insurer of $26 a month for a short period of time and thereafter received $16 a month until the deceased's death. During the guardianship the guardian was once billed for $180 by plaintiff's predecessor, the Department of Institutions, whereupon he forwarded the bill to the insurer and notified the department that the insurance company would pay any future billings. From time to time thereafter upon being billed or upon a change from institutional care to a family care home, the guardian notified the plaintiff that the insurer would pay all medical expenses; the insurer, however, never indicated any agreement to pay more than $20 per month. The guardian contended, as did defendant, that plaintiff should have looked to the insurance company for any payment of deceased's medical care expenses. The guardian testified that no claim was filed with the Industrial Accident Commission because he doubted his ability to show sufficient wage earnings by deceased to justify any greater payment of benefits than that being then made.

On this appeal appellant contends that the evidence is insufficient to justify the finding that there was no equitable estoppel and that the portion of the claim prior to four years of the filing of the complaint was barred by the provisions of the applicable statute of limitations, namely, Code of Civil Procedure section 345.

█ As to the first contention of appellant, there can be little doubt that whether or not equitable estoppel exists is primarily a question of fact for the trial court's determination, unless the opposite conclusion is the only one that can reasonably be drawn from the facts. (*Albers* v. *County of Los Angeles,* 62 Cal.2d 250, 266 [42 Cal.Rptr. 89, 398 P.2d 129] ;

*Henry* v. *City of Los Angeles,* 201 Cal.App.2d 299, 306 [20 Cal.Rptr. 440].)

█ To invoke the doctrine of equitable estoppel against a public entity, ". . . (1) there must be acts or conduct on the part of the party to be estopped which amount to a representation or concealment of material facts made either with knowledge or culpable negligence; (2) he must intend that his conduct shall be acted upon or must so act as to cause the other party reasonably to believe it was so intended; (3) the other party must be ignorant of the true situation; and (4) he must rely upon that conduct to his prejudice or injury." (*Benson* v. *Andrews,* 138 Cal.App.2d 123, 138 [292 P.2d 389].) Because of the large number of persons dealt with by a public agency, a loose application of the doctrine of estoppel could engender exceedingly difficult administrative problems, and "Our basic approach in this case, as promulgated by the court in *Adler* v. *City of Pasadena* (1962) 57 Cal.2d 609, 615 [21 Cal.Rptr. 579, 371 P.2d 315], must turn upon whether the public agency 'acted in an unconscionable or unreasonable manner or . . . either unintentionally or otherwise . . . set out to, or did, take unfair advantage of plaintiffs.' " (*City of Los Angeles* v. *Industrial Acc. Com.,* 63 Cal.2d 255, 257-258 [46 Cal.Rptr. 105, 404 P.2d 809].) Bearing these rules in mind, we cannot say that a conclusion opposite to the trial court's is the only one that can be ". . . reasonably drawn from the facts." (*Albers* v. *County of Los Angeles, supra.*) (See also *City of Imperial Beach* v. *Algert,* 200 Cal.App.2d 48, 52 [9 Cal.Rptr. 144], and cases there cited.)

Indeed, from the facts herein, it would be difficult to sustain a finding of equitable estoppel against respondent. Here the guardian had an affirmative duty to his ward to ascertain the cost of his maintenance and care, a duty he did not perform, but attempted to shift from himself to respondent or the insurance company without definitely ascertaining the cost of his ward's care or the insurance company's willingness to assume the obligation to pay any more than $20 a month for such care.

█ When it is remembered that the failure of the Department of Mental Hygiene to assert a claim for the care of mental patients does not waive the claim or estop the department from suing for the amount due (*Department of Mental Hygiene* v. *McGilvery,* 50 Cal.2d 742, 753 [329 P.2d 689]; *Estate of Setzer,* 192 Cal.App.2d 634, 640 [13 Cal.Rptr. 683]), appellant's position that equitable estoppel should here be

invoked becomes completely untenable. *McGilvery* and *Setzer* were disapproved on another point by *Department of Mental Hygiene* v. *Kirchner,* 60 Cal.2d 716 [36 Cal.Rptr. 488, 388 P.2d 720] (vacated and remanded at 380 U.S. 194 [85 S.Ct. 871, 13 L.Ed.2d 753] ; reinstated at 62 Cal.2d 586, 588 [43 Cal.Rptr. 329, 400 P.2d 321]), but the statements herein relied upon are not affected by such disapproval.

*Department of Mental Hygiene* v. *Kirchner, supra,* although holding that relatives or their estates were not liable for the care of a person committed to a state mental institution, expressly provides that the inmate himself or his estate remain liable (60 Cal.2d at p. 720) ; the quantum and quality of proof here brought forth shows that the patient's estate was properly held chargeable for his care and maintenance. Neither the estate nor the guardian can charge respondent with any responsibility for failing to find out how much the insurance company would pay for decedent's care; this was the guardian's duty.

■ Appellant's contention that the applicable statute of limitations is Code of Civil Procedure section 345[1] is also without merit. Respondent argues that the claims accruing during the four-year period immediately preceding Benton's death are properly included in the judgment under Code of Civil Procedure section 353.[2] This argument is sound. The proper interpretation of these two correlative code sections is set forth in *Department of Mental Hygiene* v. *Bank of America,* 220 Cal.App.2d 160, where at page 162 [33 Cal.Rptr. 566] the court points out that in *Berger* v. *O'Hearn,* 41 Cal.2d 729, 732 [264 P.2d 10], ''the Supreme Court stated : 'In effect, this section [§ 353] gives a claimant a period of grace of one year from the issuance of letters in any case in which the general statute of limitations would have expired before the end of

---

[1]Section 345. ''The limitations prescribed in this chapter apply to actions brought in the name of the State or county or for the benefit of the State or county, in the same manner as to actions by private parties, except that actions for the recovery of money due on account of the support of patients at State or county hospitals may be commenced at any time within four years after the accrual of the same.''

[2]Section 353. ''If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives, after the expiration of that time, and within six months from his death. If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration.''

such period.' The court makes it plain that 'The provision is applicable only when necessary to *extend* the general statute of limitations and cannot be used to *curtail* it.' "

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied August 9, 1966, and appellant's petition for a hearing by the Supreme Court was denied September 7, 1966.