Lawbence H. Cooke, J.
In this negligence action to recover for personal injuries sustained by plaintiff’s intestate during lifetime, plaintiff moves to dismiss the affirmative defense asserted in defendant’s answer that the intestate “ivas involved in an accident on March 29, 1963 and died on said date and the within action is barred by the Statute of Limitations as the action was not commenced until March 26, 1966, more than one (1) year after his death. ’ ’
The Civil Practice Law and Rules went into effect on September 1,1963 (10005) and, by virtue of 218 (subd. [b]) thereof, where a cause of action accrued before and was not barred on said effective date, the time within which an action must be commenced shall be the time which would have been applicable apart from the CPLR or the time which would have been applicable if the CPLR had been in effect when the cause of action accrued, whichever is longer. In other words, if an action was not barred *1094 on September 1, 1963, the plaintiff is entitled to the benefit of the Civil Practice Act or the CPLE, whichever gives him the longer time to sue (Practice Commentary by Professor McLaughlin, McKinney’s Cons. Laws of N. Y., Book 7B, CPLE 218; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 218.01). Under either, the three-year Statute of Limitations applies to this situation (CPLE 214, subd. 5; Civ. Prac. Act, § 49, subd. 6) and no cause of action for injury to person or property shall be lost because of the death of the person in whose favor the cause of action existed (Decedent Estate Law, § 119).
Here, however, defendant misconstrues CPLE 210 and contends in effect that, in any event, it was necessary to commence the action within one year from the date of decedent’s death. Subdivision (a) of said section provides: “Where a person entitled to commence an action dies before the expiration of the time within which the action must be commenced and the cause of action survives, an action may be commenced by his representative within one year after his death.” The purpose of this statute, derived from section 20 of the Civil Practice Act with only minor language changes (1962 Sen. Finance Committee Rep., p. 83; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 2-151; Practice Commentary by Professor McLaughlin, McKinney’s Cons. Laws of N. Y., Book 7B, CPLE 210), is to extend the normally applicable period in case of death, and it does not operate to reduce to one year after the death a period which would not have run by that time (Ruping v. Great Atlantic & Pacific Tea Co., 279 App. Div. 322; Brandt v. Hashinsky, 16 Misc 2d 564; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 210.02; Carmody-Forkosch, New York Practice [8th ed.], p. 523, n. 18; 2 Carmody-Wait 2d, New York Practice, § 13:212).
Motion granted.