Samuel R. Rosenberg, J.
Defendant H.R.H. Construction moves for dismissal of the complaint upon the ground that its maintenance is time barred. By separate motion defendant Carver Concrete Corp. moves for the dismissal upon the same ground or, in the alternative, upon the ground that plaintiff failed to make timely service of the complaint. The action is based upon wrongful death which occurred on January 26, 1966. The summons was served on the defendant H.R.H. Construction on November 12, 1968, and on the defendant Carver on December 30, 1968. The death action is brought on behalf of the sole survivors of the deceased, who are two illegitimate children. It is stated by plaintiff’s counsel that the deceased had acknowledged the children, but no order of filiation was ever entered. That failure, as well as the time limitation, bars maintenance of this action. This action was the consequence of the holding in Levy v. Louisiana (391 U. S. 68) in which it was held that the Fourteenth Amendment of the United States Constitution is violated by any statute which deprives illegitimates of the right to bring a wrongful death action. That case was decided in May, 1968.
In Matter of Ortiz (60 Misc 2d 756) it was determined that EPTL 4-1.2 confers the status of legitimacy upon the illegitimate child of the father only if a formal order of filiation declaring paternity is made within two years from birth. (See, also, EPTL 5-4.1.)
In Mossip v. F. H. Clement & Co. (163 Misc. 771, affd. 256 App. Div. 469, affd. 283 N. Y. 554) the question was raised whether, “ When a decedent’s death is caused by the negligent act of another and occurs during the infancy of his next of kin, is the period of such infancy a part of the two years within which an action, under section 130 of the Decedent Estate Law, must be commenced on behalf of such infant? ” It was stated in the opinion of the Appellate Division (p. 473): “ In defining those whose disabilities permit them temporarily to escape the bar of the statutory limitations fixed by article 2 of the Civil Practice Act, it will be noted that section 60 of that act, quoted in part above, begins with the qualifying clause, ‘ If a person entitled to maintain an action. ’ The legislative intent is thus expressed that only a person entitled to bring an action may invoke the benefits granted by section 60. The clause which thus introduces and qualifies section 60 bears directly upon our present problem by reason of the provisions of section 130 of the Decedent Estate Law which restrict the maintenance of the action thereby created to an executor or administrator of the deceased acting, as has been suggested, ‘ as the statutory trustee *411 of the entire group of beneficiaries.’ (U. S. Fidelity & G. Go. v. Graham & Norton Co., supra, [254 N. Y. 50] 55.) ”
In Travelers Ins. Co. v. Padula Co. (224 N. Y. 397, 402) the court stated: “ A civil liability and the right to recover damages for a wrongful act or neglect causing death are created solely by statute. * * * Legislative enactment is the exclusive source and boundary of the liability and the remedy. It may create the cause of action, define the period of its existence, and the party by whom and the method in which it shall be enforced and prescribe the measure of damages and the beneficiaries.”
The motions are granted.