Gabriel SINKA, individually and as Administrator of the Estate of Christine Hamilton Sinka, deceased, and as Administrator of the Estate of Frederick Simon Sinka, deceased, Appellant,

v.

NORTHERN COMMERCIAL COMPANY, Appellee.

Jimmy TUCKER, individually and as Administrator of the Estate of Josephine Tucker, deceased, Appellant,

v.

NORTHERN COMMERCIAL COMPANY, Appellee.

Nos. 1360, 1361.

Supreme Court of Alaska.

Nov. 30, 1971.

In one complaint it is alleged that Josephine Tucker, of Emmonak, Alaska, purchased what she believed to be pearl kerosene from Northern Commercial Company on October 28, 1967. On that same date, upon lighting a burner lamp in which she had placed the fuel, there was an explosion and fire which inflicted burns on Josephine Tucker and her husband Jimmy Tucker, and destroyed their dwelling. Josephine died as a result of those burns on December 8, 1967.

Similar events are stated in a complaint filed by Gabriel Sinka. It is alleged that pearl kerosene purchased from Northern Commercial Company in March 1967 exploded on April 4, 1967, causing the deaths of Christine and Frederick Sinka and injury to Gabriel Sinka.

Complaints were filed in both cases on November 14, 1969, charging Northern Commercial Company with a breach of the express and implied warranties which attached to the sale of the pearl kerosene, namely: the fuel was "pearl kerosene"; the pearl kerosene was of merchantable quality; and the pearl kerosene was fit for the particular purpose for which purchased.[1] Both complaints, however, were filed more than two years after the date of the explosions. On the basis of this fact, appellee moved for summary judgment. It was argued that despite the phrasing of warranty, these actions were essentially based on negligence and that they were barred by the two-year statute of limitations generally governing tort actions.[2] The superior court granted the motion for summary judgment and appellants bring the question here for review. As the facts are similar and identical questions of law are presented, the appeals are considered together.

William G. Azar, Savage, Curran & Hodges, Anchorage, for appellants.

Jerry E. Melcher and James M. Powell, Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, and CONNOR, JJ.

## OPINION

CONNOR, Justice.

These are actions to recover damages for personal injuries resulting from an alleged breach of warranty in the sale of goods. The sole question before us is whether the two-year statute of limitations for personal injury actions applies. If so, the plaintiffs are barred, as these actions were brought more than two years after the sale. Plaintiffs assert a right to bring suit under the four-year period of limitation contained in the Uniform Commercial Code.

1. *See generally* AS 45.05.094–.098. In its appellate brief Northern Commercial Company contends that: "The accident in question was not caused by warranty defects in 'pearl kerosene' as appellants contend but by the use of the same pump to pump out all products, namely kerosene, blazo, gasoline and stove oil."

2. AS 09.10.070 provides in part: "No person may bring an action * * for any injury to the person or rights of another not arising on contract and not specifically provided otherwise * * * unless commenced within two years."

Appellants contend that their causes of action are squarely based on the provisions of the Uniform Commercial Code, which provides a four-year period in which to bring suit.[3] They urge that the four-year period be applied to a breach of warranty although personal injury resulted from the breach.

Resolution of these conflicting claims is dependent primarily on a proper characterization of the pleaded facts. The pleadings in these cases demonstrate a transfer of title in the pearl kerosene from Northern Commercial Company to appellants, for a price. Stated in other terms, the transaction was a typical sale of goods by a merchant.[4] This being true, the sale necessarily was subject to the Uniform Commercial Code.[5] Normally such a transaction will give rise to express and implied warranties concerning the goods sold. It is alleged by appellants that these warranties came into effect and that they were breached.[6] Accepting this state of facts, our inquiry turns to the remedies and damages provided by the code for a breach of warranty.

AS 45.05.220 provides that a buyer who has accepted goods may recover damages for loss resulting from nonconformity of the goods. The measure of damages for breach of warranty is the difference in value of the goods, plus, in a proper case, incidental and consequential damages. AS 45.05.222 defines consequential damages resulting from the seller's breach as including "injury to person or property proximately resulting from a breach of warranty."

It is plain that the sale of pearl kerosene was a sale of goods within the contemplation of the Uniform Commercial Code, that in the normal course of events express and implied warranties would attach, that it is alleged that these warranties did attach and were breached, and that the code provides for recovery of damages proximately resulting from a breach, including damages for injury to the person. Thus the code provides a comprehensive scheme for recovery of damages for injuries to the person resulting from a breach of a warranty. A period of four years is provided in which to bring suit for such damages.[7]

We hold that where an action is correctly brought within the framework of the Uniform Commercial Code, the applicable statute of limitations is that provided by the code, although the damages sought are for personal injuries.

Our decision is buttressed by cases from other courts holding the four-year period

---

3. AS 45.05.242 provides in part:
   "(a) An action for breach of a contract for sale must be commenced within four years after the cause of action has accrued."

4. AS 45.05.046(a) provides in part:
   "A 'sale' consists in the passing of title from the seller to the buyer for a price * * *."
   AS 45.05.044(a) provides in part:
   " 'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities * * * and things in action. * * *"
   AS 45.05.042(a) provides:
   " 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the trans-

action or to whom this knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having this knowledge or skill."

5. AS 45.05.038 provides in part:
   "Scope * * * Unless the context otherwise requires, §§ 36–242 of this chapter apply to transactions in goods * * *."

6. Whether the warranties attached to the sale of pearl kerosene and whether they were breached are questions of fact which must be answered at a subsequent trial. For purposes of this appeal from summary judgment such questions of fact are resolved in appellants' favor. Ranson v. Haner, 362 P.2d 282, 290 n. 24 (Alaska 1961).

7. AS 45.05.242.

of limitations applicable,[8] and by the repealer section provided by the Alaska Legislature in enacting the Uniform Commercial Code. SLA 1962, chapter 114, section 10.103 provides in part that " * * * all acts and parts of acts inconsistent with this Act are hereby repealed." Thus the general two-year statute of limitations was repealed to the extent that it might otherwise control recovery for personal injuries resulting from breach of warranty under the code.

■ Appellee further contends that the survival actions brought on behalf of Josephine Tucker and Frederick and Christine Sinka are barred by AS 09.10.150, which provides in part:

> "If a person entitled to bring an action dies before the expiration of the time limited for its commencement and the cause of action survives, an action may be commenced by his personal representatives after the expiration of that time and within one year from his death."

Appellee claims that the purpose of this statute is to require that all survival actions be brought within one year after the death. We find that interpretation of AS 09.10.150 untenable.

If the decedents had lived, they would have had four years to pursue their claims under AS 45.05.442. In our view, the survivorship statute, AS 09.10.150, was not intended to shorten the specific statutory provisions governing a cause of action but to extend the statutory period where it otherwise would have expired within a year after the death.[9] The executor or administrator has the full statutory period which the decedent if living would have had, but if the decedent dies in the last year of the statutory period the survivorship statute gives his representative an additional year from the death to bring the claim. The representatives of the deceased, Josephine Tucker and Christine and Frederick Sinka, brought their claims well within the four-year statute of limitations governing this action.

Appellee argues that the cases of Silverton v. Marler, 389 P.2d 3 (Alaska 1964), and Austin v. Fulton Ins. Co., 444 P.2d 536 (Alaska 1968), treated breach of warranty claims as being in reality actions in tort and that the principles expounded there should control.

In *Silverton* a guest at a lodge sued to recover for injuries caused by alleged defect in the premises. We held that the action was one for negligence, not for a breach of an implied contractual duty to keep the premises in safe condition. In Austin v. Fulton Ins. Co. we held that an alleged negligent failure to procure insurance sounded in tort for negligence, and that it was not a contractual breach of warranty. In each of these cases the two-year statute of limitations was applied. Neither of them concerned a cause of action arising out of a sale of goods under the Uniform Commercial Code, as does the case before us.

But in any event a particular statutory provision relating to the subject matter in litigation should control over a general statutory provision which might otherwise apply. The four-year statute of limitations is, therefore, the correct measure of time for bringing suit. The superior court was in error in granting summary judgment on the basis that the actions were barred by the two-year statute of limitations.

---

8. Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A.2d 612, 614 (Pa.1964); Val. Decker Packing Co. v. Corn Prod. Sales Co., 411 F.2d 850 (6th Cir. 1969); Mendel v. Pittsburgh Plate Glass Co., 25 N.Y.2d 340, 253 N.E.2d 207 (N.Y.1969). *Contra*, Abate v. Barkers of Wallingford, Inc., 27 Conn.Sup. 46, 229 A.2d 366 (Conn.1967).

9. The California courts construing a survivorship statute with language substantially analogous to that of AS 09.10.150 hold that "[t]he provision is applicable only when necessary to extend the general statute of limitations and cannot be used to curtail it." Department of Mental Hygiene v. Lucas, 52 Cal.Rptr. 552, 555 (Cal.App.1966). *See also* Triplett v. United States, 213 F.Supp. 887, 888–89 (D.C.Miss.1963); Leahy v. Cheney, 90 Conn. 611, 98 A. 132, 133 (1916); Berger v. O'Hearn, 264 P.2d 10, 12 (Cal. 1953).

■ Appellee next urges that this court not consider any argument concerning the Uniform Commercial Code, as the point was not raised below. Our reading of the transcript indicates that the Uniform Commercial Code was never explicitly mentioned. However, the discussions of counsel and the court indicate, at the very least, an implicit understanding that the issue at hand was the applicability of a tort or warranty statute of limitations. The applicability of the Uniform Commercial Code was sufficiently put in issue below to permit consideration on appeal.

■ Appellee further points out that the statement of points on appeal was deficient in that it did not specifically mention the Uniform Commercial Code. Granting that appellants could have been more specific, the statement that was filed did give notice that the appeal would be concerned with the applicable statute of limitations. Notice was also given that appellants objected to the use of the tort statute of limitations. We think that in the context of this case it is sufficient. Other defects in appellants' briefs, while not condoned, are not grievous enough to require dismissal of the appeals.

Reversed and remanded for further proceedings.