Bertram Harnett, J.
On March 29,1970, Theresa Santaniello, while an automobile passenger, was struck and killed by a Long Island Bailroad train at a crossing in Massapequa, New York. Within 90 days, her father Joseph served, without rejection, a , notice of claim on the Long Island Bailroad Company (LIBB) and the Metropolitan Transit Authority (MTA). On May 27, 1971, Mr. Santaniello was issued letters of administration for his daughter’s estate.
This wrongful death action was commenced January 15, 1972 by service of the summons and complaint only against the automobile owner and operator. The railroad and Authority were inadvertently not joined. With apparent consent of the original defendants but without court order, plaintiff served a second summons and complaint upon the railroad and Authority in mid-May, 1972, naming them and claiming their negligence caused the train crossing accident. The MTA and LIBB answered, denying the allegations and asserting, in part, that the claim was time barred by a one-year Statute of Limitations.
Mr. Santaniello seeks now, by a multi-pronged motion, to correct pleading deficiencies by securing a court order (1) authorizing, nunc pro tunc, the issuance of1 their second summons and complaint, (2) permitting amendment of that complaint to include statements as to notice of claim service, inadvertently omitted, and (3) striking the affirmative limitation defense. -.LIBB and MTA cross-move for summary judgment on the basis of that same defense.
Defendants do not oppose the first two prongs of plaintiff’s motion. There being no prejudice indicated to any party by the lack of formal motion prior to the service of process upon the additional parties, permission is granted to add defendants MTA and LIBB as of May 15,1972. (CPLB 1003, 2001; Davis v. Hauk & Schmidt, 232 App. Div. 556; Hochschartner v. Schneider, 22 A D 2d 867.) Similarly, there being no opposition to plaintiff’s motion to amend the pleadings, as proposed, with the pertinent and undisputed allegations as to notice of claim service and failure to satisfy claim required by section 1276 of the Public Authorities Law, that formal deficiency may now be corrected in the amended pleadings. (CPLB 3025, subd. [b].)
However, such leave in both instances is of little avail unless the plaintiff brings himself within the applicable Statute of Limitations period. (CPLB 203, subd. [e]; Patrician Plastic Corp. v. Bernadel Realty Corp., 30 A D 2d 574; cf. Palmer v. New York City Tr. Auth., 37 A D 2d 766.)
*936 There are two applicable limitation statutes, one under the Public Authorities Law, and the other under the EPTL, and the plaintiff must comply with both. While he meets the former, he fails on the latter.
The LIRE and MTA first rely upon subdivision 2 of section 1276 of the Public Authorities Law which provides: ‘ ‘ An action against the authority [or its subsidiary corporation, Public Authorities Law, § 1276, subd. 6] founded on tort shall not be commenced more than one year after the cause of action therefor ■shall have accrued ”.
In general, a wrongful death action may be brought only by the legally appointed representative of the deceased, and, as such, it does not “ accrue ” for purposes of action commencement, until such a representative is appointed. (Crapo v. City of Syracuse, 183 N. Y. 395; McDonough v. Cestare, 3 A D 2d 201, mot. for lv. to app. den. 3 A D 2d 861.)
In Winbush v. City of Mount Vernon (306 N. Y. 327), where the deceased person’s next of kin served a notice of claim on, and later a wrongful death action was commenced within a year after official designation of the estate administrator, the Court of Appeals found that the notice was valid, albeit served before that appointment, and that, ‘1 the time for suing began to run from the appointment of an administratrix only ’ ’. The very same rationale applies here. Mr. .Santaniello served both MTA and LIRE before the expiration of one year after his appointment. He is not time barred by subdivision 2 of section 1276 of the Public Authorities Law.
Subdivision (a) of CPLR 210 cited by MTA and LIRE is inapplicable. It is not an independent one-year Statute of Limitations. It extends whatever applicable statutory time allowance was running before the time of a claimant’s death, by one year, if needed, to aEow the estate representative usually unfamiliar with the facts and involved at first with many administrative matters more time to bring suit than was available to the claimant, if alive. Where more than a year of available litigation time existed at the claimant’s death, this provision does not shorten the period. (Ruping v. Great Atlantic & Pacific Tea Co., 279 App. Div. 322; J. M. McLaughlin, Practice Commentaries, McKinney’s Cons. Laws of1 N. Y., Book 7B, CPLR 210, C210:1.) Being of only potential application, it simply does not, then, apply. _ _ !
_ _ But, because of the “ outside” Statute of Limitations on wrongful death actions, found in EPTL 5-4.1, plaintiff still cannot prevail. EPTL 5-4.1 provides that: ‘ ‘ The personal repre *937 sentative * * * of a decedent * * * may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent’s death * * * within two years after the decedent’s death”.
Since the action against LIRE and MTA indeed commenced beyond two years after Ms. Santaniello’s death on March 29, 1970, there is a statutory time bar. (Stieve v. H.R.H. Constr., 63 Misc 2d 409; see Matter of Karras v. Michaelis, 19 N Y 2d 449; 26 Fordham L. Rev. 367.) Accordingly, the defendants’ motion for summary judgment is granted and plaintiff’s motion to strike their second affirmative defense is denied. (See CPLR 203, subd. [c]; Patchogue Citizens Bank & Trust Co. v. Wilson, 245 App. Div. 766; Crow Constr. Co. v. Carroll P. Brennan, Inc., 196 App. Div. 71, affd. 233 N. Y. 635; cf. Hendriksen v. Roosevelt Hosp., 276 F. Supp. 731; 2 Carmody-Wait 2d, New York Practice, §13:20.)