Louise VAN ORNUM, as Administratrix and personal representative of the Estate of Claude Van Ornum, Plaintiff and Appellant,

v.

OTTER TAIL POWER COMPANY, a foreign corporation; and Gilbert E. Horton and Kent H. Horton, a partnership, doing business as Gilbert R. Horton, Defendants and Respondents.

Civ. No. 8847.

Supreme Court of North Dakota.

Aug. 10, 1973.

Ohnstad, Twichell, Breitling & Arntson, West Fargo, and Wattam, Vogel, Vogel & Peterson, Fargo, for plaintiff and appellant.

Ottmar & Nething, Jamestown, and Field, Arvesen, Donoho, Lundeen & Hoff, Fergus Falls, Minn., for defendant and respondent Otter Tail Power Co.

Hjellum, Weiss, Nerison, Jukkala & Vinje, Jamestown, for defendants and respondents Gilbert E. Horton and Kent H. Horton.

STRUTZ, Chief Justice.

This is a companion case to Civil No. 8846, which was brought by Louise Van Ornum individually and on behalf of her minor children and as trustee for the Workmen's Compensation Bureau, against the same defendants for the wrongful death of Claude Van Ornum, her husband. The present action is brought by the plaintiff as personal representative of the deceased for conscious pain and suffering and for punitive damages. The facts, so far as they are pertinent to this appeal, disclose that the plaintiff was appointed administratrix of her deceased husband's estate on April 26, 1968. She received her final discharge as such administratrix on April 29, 1969, without having brought an action for pain and suffering or for punitive damages. Before two years had elapsed after the death of her husband, she did commence a wrongful-death action as surviving wife on her own behalf and on behalf of other heirs. She attempted to amend her complaint in the wrongful-death action to include a claim for conscious pain and suffering and for punitive damages, but was unsuccessful. Thereafter, almost four years after the death of her husband, she petitioned the court for appointment as special administratrix and then commenced the present action. All defendants answered, and alleged as part of their defense that the action was barred by statutes of limitation. The defendants moved for summary judgment on the ground that the action was barred, and the trial court granted such motion. The plaintiff now takes this appeal from the judgment entered, claiming that the trial court erred in ruling that her action for damages for pain and suffering and for punitive damages had been barred by statutes of limitation.

Most States have enacted statutes providing for the time within which various types of actions must be brought. Our Legislature has enacted two laws which defendants contend bar the bringing of this action, and we will consider both of them and their possible application to the attempted action of the plaintiff here under consideration.

One of the statutes relied upon by the defendants is Section 28–01–26, North Dakota Century Code. That section provides, in part:

"If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced by his representatives after the expiration of that time and within one year from his death. . . ."

It will be noted that under the provisions of this statute, if the person authorized to bring an action dies before the expiration of the time within which he is permitted to commence the action, and the cause of action survives his death, the legal representative of such person may start the action within one year of the date of such death. In this case, the plaintiff alleges in her complaint that this action is brought under the provisions of Section 28–01–26 and other applicable statutes.

There can be no doubt that the cause of action set forth in this case did survive

the death of plaintiff's husband. Sec. 28–01–26.1, N.D.C.C. Had the plaintiff's husband survived the accident, he could have brought an action for his personal injuries at any time within six years. Sec. 28–01–16, subsec. 2, N.D.C.C. However, plaintiff's husband died as a result of the injuries, and the cause of action survived his death and became subject to the provisions of Section 28–01–26. Upon the death of the husband, his personal representative was authorized to commence such action.

■ The powers of a personal representative are generally those given to him by statute. 33 C.J.S. Executors and Administrators § 141, p. 1096. Section 28–01–26 of the North Dakota Century Code specifically provides that the time within which the personal representative may bring an action, when the cause of action survives the death of the one entitled to bring the action, is limited to one year from the date of death. If Section 28–01–26 applies, as the plaintiff herself alleges in her complaint that it does, the enforcement of the claim for personal injuries would be outlawed since the action was not commenced until more than three years and ten months after Van Ornum's death.

The defendant asserts that if Section 28–01–26 is not applicable to the case, as the plaintiff herself asserts that it is, the bringing of the action nonetheless is barred by Section 28–01–18, subsection 4, North Dakota Century Code. Subsection 4 provides that an action for the death of a person which is due to injuries done to him by another must be commenced within two years after the cause of action accrues, and then goes on to provide:

" . . . the cause of action shall be deemed to have accrued at the time of the death of the party injured."

In this case, the plaintiff alleges that the deceased was injured by the wrongful acts of the defendants and that his death ensued from such injury. Thus the cause of action of the plaintiff, as personal representative of the deceased, is deemed to have accrued at the time of his death. Under Section 28–01–18, subsection 4, such cause of action is subject to the two-year limitation fixed for bringing the action.

■ The plaintiff asserts, however, that the two-year statute of limitation, as provided in subsection 4 of the above section, does not apply to this action because the Legislative Assembly did not enact the survival-of-the-cause-of-action statute until 1949, long after the enactment of the above limitation-of-actions statute. We find this contention to be without merit. It cannot be successfully argued that this statute applies only to causes of action or types of actions in force at the time the limitation was enacted, and that it does not apply to actions permitted under the survival statute enacted in 1949. Where the Legislature enacted a statute providing for survival of a cause of action for personal injuries when death ensues from such injuries, the statute limiting the commencement of such actions is as applicable to those actions as it is to actions which were permitted prior to the enactment of the survival statute.

■ Courts will endeavor to construe statutes so as to effectuate the legislative purpose which prompted their enactment. State ex rel. Eckroth v. Borge, 69 N.D. 1, 283 N.W. 521 (1939). The clearly expressed intention of the Legislature in enacting Section 28–01–18 was to provide that certain actions must be commenced within two years after the cause of action accrues. Among these actions are those for injuries done to the person of another when death ensues from such injuries. And the Legislature further expressed the clear intent that the cause of action is deemed to have accrued at the time of the death of the party injured.

■ The plaintiff in this case, as personal representative, was the party entitled to bring an action to recover for injuries resulting in the death of the deceased. The right to bring an action, however, is

limited by Section 28–01–18, subsection 4, and must be brought within two years from the time the cause of action accrued.

For reasons stated, the judgment of the district court dismissing the plaintiff's complaint, because the statute of limitation had barred the bringing of the action, is affirmed.

Affirmed.

PER CURIAM.

The foregoing opinion was prepared by the Honorable Alvin C. Strutz, Chief Justice, before his death. It is adopted by the undersigned as the opinion of this court.

ERICKSTAD, C. J., and VOGEL, TEIGEN, PAULSON and KNUDSON, JJ., concur.