Thelma HUBBARD, Individually and as administratrix of the Estate of William Edward Hubbard, Deceased, Plaintiff-Appellant,

v.

Dionesio T. LIBI, M.D., et al., Defendants-Appellees.

Civ. No. 9083.

Supreme Court of North Dakota.

April 30, 1975.

Wallace D. Berning, Anderson, Tossett & Berning, Minot, for plaintiff-appellant.

Funke & Eaton, Minot, for defendant-appellee Dionesio T. Libi.

John A. Zuger, Zuger & Bucklin, Bismarck, for defendant-appellee Bernadette V. Libi.

McGee, Hankla, Backes & Wheeler, Minot, for defendants-appellees Sister Michael and St. Joseph's Hospital.

PAULSON, Judge.

■ This is an appeal by Mrs. Thelma Hubbard from an order of the Ward County District Court, dated October 17, 1974, dismissing Mrs. Hubbard's wrongful death action against Dr. Bernadette U. Libi [Dr. Libi].[1]

1. A matter incidental to the merits of this appeal is that the district court's order of October 17, 1974, which adjudicated but one of the multiple claims in this case, does not

Mrs. Hubbard, individually and as administratrix of the estate of her deceased husband, William Edward Hubbard, commenced a combined malpractice and wrongful death action against Dr. Bernadette U. Libi; Dr. Dionesio T. Libi; Sister Michael, S.N.A.; and St. Joseph's Hospital of Minot. Mrs. Hubbard alleged that the defendants negligently administered the anesthetic, fluothane, to the decedent on September 16, 1971, thereby causing necrosis of the liver and, ultimately, the death of Mr. Hubbard. The date of Mr. Hubbard's death was October 20, 1971.

The initial service of process was made upon Dr. Libi on September 13, 1973. This service was held by the district court to be improper and the action as to Dr. Libi was dismissed without prejudice. On January 4, 1974, service upon Dr. Libi was successfully effected, thus marking the date of the initiation of this action. In Dr. Libi's answer to this second complaint, she contended that the wrongful death action was barred by the application of subsection (4) of § 28–01–18, N.D.C.C., which provides:

"*Actions having two-year limitations.* —The following actions must be commenced within two years after the cause of action· has accrued:

. . . . .

"4. An action for injuries done to the person of another, when death ensues from such injuries, and the cause of action shall be deemed to have accrued at the time of the death of the party injured."

The district court held that the wrongful death action against Dr. Libi was outlawed by § 28–01–18(4), N.D.C.C., and, in its order of October 17, 1974, the trial court dismissed the wrongful death action against . Dr. Libi, but did not dismiss the malpractice action against her.

comply with Rule 54(b), N.D.R.Civ.P. We shall determine the issues of this case, however, having accepted both parties' stipulations that the merits of this appeal should

Mrs. Hubbard, on appeal, urges this court to extend the "discovery" rule (previously applied in this State to malpractice actions) to this, a wrongful death action. The essence of the discovery rule is that a cause of action is said to accrue, not at the time of the tortious act, but rather at the time the act is, or should be, discovered. It is argued that, should we apply the discovery rule to this case, the time of the accrual of the wrongful death action would become a question of fact for a jury to decide, thus prohibiting the granting of summary judgment. We need not reach this latter contention for we hold that the "discovery" rule may not be extended to wrongful death actions.

In Iverson v. Lancaster, 158 N.W.2d 507 (N.D.1968), the case in which the discovery rule was held applicable to malpractice actions, we construed subsection (3) of § 28–01–18, N.D.C.C., which provides:

"*Actions having two-year limitations.* —The following actions must be commenced within two years after the cause of action has accrued:

. . . . .

"3. An action for the recovery of damages resulting from malpractice."

It may be seen that subsection (3) of § 28–01–18 does not specify the occurrence that is to mark the accrual of a malpractice action. The time of accrual having been left to judicial decision, this court adopted the discovery rule, believing it to be a fair and salutary rule of law. In doing so, in Iverson v. Lancaster, *supra* at 510, we recognized that the legislature did not define the time at which a malpractice action accrues, stating:

"After studying the various approaches taken by the courts, the recent trend of decisions to depart from the 'general rule,' *the indefinite language of our statute*, and our belief that justice is best

be heard at this time. Fischer v. Golden Valley Bd. of Co. Commissioners, 226 N.W.2d 636 (N.D.1975).

served when claims are adjudicated on their merits, we conclude that the best rule is that the limitation period commences to run against a malpractice action from the time the act of malpractice with resulting injury is, or by reasonable diligence could be, discovered." [Emphasis supplied.]

In the instant case, our analysis is of subsection (4) of § 28–01–18, N.D.C.C., which, unlike subsection (3) of § 28–01–18, clearly designates the time at which a wrongful death action accrues, i. e. :

" . . . the cause of action shall be deemed to have accrued at the time of the death of the party injured."

This language leaves no room for judicial construction; there are no statutory interstices to be filled. As we stated in Van Ornum v. Otter Tail Power Company, 210 N.W.2d 207, 209 (N.D.1973):

"Courts will endeavor to construe statutes so as to effectuate the legislative purpose which prompted their enactment. [Citation omitted.] The clearly expressed intention of the Legislature in enacting Section 28–01–18 was to provide that certain actions must be commenced within two years after the cause of action accrues. Among these actions are those for injuries done to the person of another when death ensues from such injuries. And the Legislature further expressed the clear intent that the cause of action is deemed to have accrued at the time of the death of the party injured."

 We adopt the rationale of Van Ornum and hold that a cause of action for wrongful death accrues at the time of the death of the party injured. In so holding, we are not unmindful of Mrs. Hubbard's contention that the word "deemed" should be construed to create only a rebuttable presumption as to the time of the accrual of an action.

In varying contexts, the word "deemed" has been construed by this court either to create a rebuttable presumption of fact [Kleppe v. Odin Tp., McHenry County, 40 N.D. 595, 169 N.W. 313 (1918)], or to mean "regarded as being"—thereby creating a conclusive statement of fact [State v. Gibson, 69 N.D. 70, 284 N.W. 209 (1939)].

The meaning of the word "deemed" is dependent upon the context in which it is used. The purpose and language of § 28–01–18, N.D.C.C., indicate that "deemed" is used in its conclusive sense, as a positive statement of when an action shall accrue.

The Legislature, in § 28–01–18, N.D.C.C., was creating a definite period of time during which certain actions may be commenced and after which there is to be a bar of all such actions. Both the individual litigant and society, as a whole, have an interest in such a "policy of repose". 3 Sands, Sutherland Statutory Construction § 70.03 (4th Ed. 1974). It would be incongruous to state that the Legislature would attempt to create this desired finality through the use of a presumption that, in each individual case, may be rebutted. We will not ascribe that meaning to § 28–01–18, N.D.C.C.

We have also considered Mrs. Hubbard's citation of Sprecher v. Magstadt, 213 N.W.2d 881 (N.D.1973), wherein we held that a plaintiff's infancy tolled § 28–01–18(4), N.D.C.C., stating that where substantial doubt exists as to which of two limitations statutes is applicable, the longer period will be applied. There is no allegation, in the instant case, that any limitations statute, other than § 28–01–18(4), should be applied to the present factual situation.

The order for summary judgment, dismissing the action for wrongful death, is affirmed.

ERICKSTAD, C. J., and PEDERSON and SAND, JJ., concur.

VOGEL, Judge (concurring specially).

I concur.

I believe it should be pointed out that the lack of timely service of the summons and complaint on Dr. Bernadette V. Libi was apparently due to the negligence of the sheriff, not counsel for the plaintiff. Prop-

er service was made on her husband at the same time the defective service was attempted on her.

I also point out that it may very well be true that the defective service might have been sustained under Section 28–01–38, N.D.C.C., which states that an action is commenced as to one defendant when the summons is served "on a codefendant who is a joint contractor or otherwise united in interest with him." It is possible that the two Doctors Libi were united in interest, not only by marriage but, more to the point, by being participants in the surgery as to which negligence is alleged in the complaint. But this point was not briefed or argued in this court, nor does it appear to have been raised in the trial court. We therefore do not rule upon it.

The reasons for adopting the discovery rule are just as weighty when the patient is dead as when the patient lives, and sometimes more so. I would prefer, if I could, to apply the discovery rule here. But I defer to the opinion of my fellow judges, supported as it is by the overwhelming weight of authority, and the clear difference in phraseology of subdivisions 3 and 4 of Section 28–01–18, N.D.C.C., quoted in the majority opinion.