OPINION OF THE COURT
Sidney Leviss, J.
This is an application by petitioner for leave to serve a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law, and to direct respondent to furnish petitioner with a complete copy of the hospital record of decedent for the period September 1 through September 9,1979, and the autopsy report of said decedent herein.
It is alleged herein that Edwin Pruna was admitted to Queens General Hospital on September 1, 1979. He apparently died on September 9, 1979 while undérgoing treatment at said hospital. Petitioner Haydee Gelpi was appointed administratrix of his estate on May 19, 1981. Thereafter petitioner served a notice of claim upon respondent for wrongful death allegedly resulting from respondent’s malpractice. It is conceded that such claim for *867 wrongful death was timely served upon respondent within 90 days after the appointment of the administratrix petitioner herein.
By this application, petitioner requests leave of the court to serve respondent with a notice of claim for conscious pain and suffering allegedly sustained by decedent as a result of malpractice from the dates of September 1 through September 9, 1979. There is no question but that such a cause of action is not brought on behalf of decedent’s distributees or dependents but is, rather, a cause of action brought for the benefit of an injured party or, as in this case, his estate. The administratrix of the estate merely acts for the decedent as his representative. In an action for conscious pain and suffering arising out of malpractice, the Statute of Limitations is two years and six months after the act, omission or failure complained of. (CPLR 214-a.) Where, however, a municipality or municipal corporation is involved as a defendant, a notice of claim must be served pursuant to section 50-e of the General Municipal Law within 90 days after the occurrence. In certain situations where infancy, mental or physical incapacity, imprisonment, or some other disability is claimed, the court, pursuant to section 50-i of the General Municipal Law, may grant leave to serve a notice of claim within the period of one year and 90 days after the occurrence, or longer, depending on the facts thereof, the time specified for the commencement of an action against the municipality or municipal corporation.
Petitioner concedes that this application was not brought within the one-year and 90-day provision of section 50-i, however, she contends that the one-year 90-day limitation is not applicable herein since CPLR 210 tolls the time limitation where the person entitled to commence the action for conscious pain and suffering, as herein, dies before the expiration of the time within which the action must be commenced, namely, two years and six months. Petitioner contends that the case of Cohen v Pearl Riv. Union Free School Dist. (51 NY2d 256) is applicable herein. In Cohen, the Court of Appeals held that the tolling provisions with respect to infancy contained in CPLR 208 operate to extend the one-year 90-day period within which *868 an application to file a late notice of claim may be made. Respondent contends that the Cohen case is applicable only to disability due to infancy. In Cohen the court stated (supra, at pp 262-263): “the amendment version of section 50-e (subd 5) makes the period during which such an extension may be granted coextensive with the Statute of Limitations governing the claim (General Municipal Law, § 50-i, subd 1, par [c]). Thus, where the time for commencing an action on the claim is tolled under CPLR 208, there will be a concomitant tolling of the time during which late notice of claim may be served (see Matter of Beary v City of Rye, 44 NY2d 398, 408, supra).” It is therefore obvious that the court was not referring only to the disability of infancy, but rather to other types of disability also.
Professor McLaughlin, in his Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR, C210:l, p 284) states: “This subdivision gives the personal representative an additional period in which to sue, if he needs the extra time. If he has a long statute of limitations in his favor, this subdivision will not reduce the period of limitations. See Ruping v. Great Atlantic & Pac. Tea Co., 1952, 279 App. Div. 322, 109 N.Y.S.2d 286.” Further referring to CPLR 210, the court in Santaniello v De Francisco (73 Misc 2d 934, adhered to on rearg 74 Misc 2d 229, affd 44 AD2d 831) held that subdivision (a) of this section permitting commencement of action by decedent’s representative within one year after death is not an independent Statute of Limitations, but merely extends whatever applicable statutory time allowance was running before death, by one year, if needed, and where more than one year of available litigation time existed at claimant’s death, this provision does not shorten the period.
Based upon all the facts and circumstances, this court finds that due to the disability and death of the decedent herein, the time for petitioner to commence her action against the respondent, and to apply to this court for leave to file a notice of claim with respect to the cause of action for conscious pain and suffering, was tolled and extended for the period remaining at the time of decedent’s death, on the two years’ and six-month limitation period which commenced on the last date of the alleged malpractice, Sep *869 tember 9, 1979. Accordingly, the application by petitioner for leave to serve a notice of claim as proposed herein is granted. Respondent is further directed to furnish petitioner with a complete copy of decedent’s hospital records and autopsy report, within 30 days after service of a copy of the order to be entered herein.