**Michael HULNE, as Special Administrator for the Estate of Jerry Dennis Johnson, deceased, Plaintiff,**

v.

**INTERNATIONAL HARVESTER COMPANY, United Truck and Body Company, Defendants.**

**Civ. No. 10192.**

Supreme Court of North Dakota.

Aug. 2, 1982.

James D. Cahill, and Kathleen A. Weir, Moorhead, Minn., for plaintiff; argued by David Maring, Moorhead, Minn.

Pearce, Anderson & Durick, Bismarck, for International Harvester.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for United Truck and Body Co.; argued by M. Daniel Vogel, Fargo.

ERICKSTAD, Chief Justice.

The United States District Court for the District of North Dakota has certified, pursuant to Rule 47 of the North Dakota Rules of Appellate Procedure, the following question of law for determination by this Court:

### Question of Law

"Is a survival action brought under North Dakota Century Code, Section 28–01–26.1, subject to the one year statute of limitations provided under Section 28–01–26?"

This Court has made the following determination on that question of law:

### Answer

The statute of limitations that applies to an action which a person is entitled to bring also applies to that action when it is brought as a survival action by his representative upon his death. If, however, the applicable statute of limitations period expires subsequent to and within one year from the person's death his representative may commence the action, pursuant to Section 28–01–26, N.D.C.C., at any time within one year from his death.

The decedent, Jerry Dennis Johnson, died as a result of injuries received when he was trapped in the cab of a truck-tractor on October 17, 1978. Johnson died on the same date that the mishap occurred. Michael Hulne, as special administrator for Johnson's estate, filed a survival action, pursuant to Section 28–01–26.1, N.D.C.C., against International Harvester Company, United Truck and Body Company, and Raymond Larson.[1] The survival action, which was removed to the federal district court, is a tort action based upon the theories of negligence and strict liability. Although the record before this Court does not indicate the specific date on which the survival action was commenced it does indicate that the parties agree the action was filed more than one year but less than two years after Johnson's death.

In *Van Ornum v. Otter Tail Power Company*, 210 N.W.2d 207 (N.D.1973), this Court held that a survival action is subject to the two-year statute of limitations under Subsection 28–01–18(4), N.D.C.C., which provides in relevant part:

"*28–01–18. Actions having two-year limitations.* The following actions must be commenced within two years after the cause of action has accrued:

\* \* \* \* \* \*

"4. An action for injuries done to the person of another, when death ensues from such injuries, and the cause of action shall be deemed to have accrued at the time of the death of the party injured; . . ."

In *Sheets v. Graco, Inc.*, 292 N.W.2d 63 (N.D.1980), this Court, upon holding that the two-year statute of limitations period under Subsection 28–01–18(4), N.D.C.C., applies to wrongful death actions, questioned the continuing validity of the *Van Ornum, supra,* holding that it applies to survival actions:

"We believe that the words, clauses, and sentences of Section 28–01–18(4), when viewed as a whole, indicate that the two-year limitation period contained therein applies to wrongful death actions. Wrongful death actions are actions for injuries done to the person of another from which death has ensued, and wrongful death actions accrue at the time of the death of the party injured. Therefore, such actions fall within the two-year limitation provision of Section 28–01–18(4).

\* \* \* \* \* \*

1. Defendant Larson, Johnson's employer, was dismissed from the lawsuit by order dated September 8, 1980. The defendant, International Harvester Company, was released from the litigation upon entering a settlement agreement with the plaintiff.

"In *Van Ornum v. Otter Tail Power Company*, 210 N.W.2d 207 (N.D.1973), we held that a survival action brought by the personal representative of the deceased to recover for the deceased's pain and suffering, as well as punitive damages, was subject to the two-year statute of limitations period set forth in Section 28–01–18(4), N.D.C.C. *Id.* at 209, 210. Whether or not we would adhere to that opinion were the issue raised in the future, or whether or not, in light of the study and research necessitated by this opinion, we would hold that such a survival action was subject to the one-year limitation provided for in Section 28–01–26, N.D.C.C., we need not decide today." 292 N.W.2d at 67–68.[2]

█ Upon examining Subsection 28–01–18(4), N.D.C.C., in view of our holding in the *Graco, supra,* decision and our examination of Section 28–01–26, N.D.C.C., we conclude that the two-year statute of limitations under Subsection 28–01–18(4), N.D.C.C., does not apply to survival actions. Section 28–01–26, N.D.C.C., provides:

"*28–01–26. Limitation in case of death.* If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced by his representatives after the expiration of that time and within one year from his death. If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof and the cause of action survives and is not one based upon a claim which may be filed proceeding under title 30.1, an action may be commenced against his personal representative after the expiration of that time and within one year after the issuing of letters."

By construing Subsection 28–01–18(4), N.D.C.C., as applying to survival actions the language of Section 28–01–26, N.D.C.C.,

which allows a representative to commence a survival action within one year from the decedent's death, would be rendered superfluous, having no effect. Consequently, we hereby overrule our holding in *Van Ornum, supra,* that the two-year statute of limitations under Subsection 28–01–18(4), N.D.C.C., applies to survival actions.

Courts in other jurisdictions have construed provisions substantially identical to Section 28–01–26, N.D.C.C., as having the potential to extend, but not to shorten, the time period within which a survival action may be brought. *Hopper v. Hemphill*, 19 Wash.App. 334, 575 P.2d 746 (Wash.Ct.App. 1978); *Sinka v. Northern Commercial Company*, 491 P.2d 116 (Alaska 1971); *Ruping v. Great Atlantic & Pacific Tea Company*, 279 A.D. 322, 109 N.Y.S.2d 286 (N.Y.App.Div. 1952); *See also, Department of Mental Hygiene v. Lucas*, 243 Cal.App.2d 464, 52 Cal. Rptr. 552, (Cal.Dist.Ct.App.1966); *Berger v. O'Hearn*, 41 Cal.2d 729, 264 P.2d 10 (1953); Banc.Prob.Prac.2d § 496, p. 639 and § 882, pp. 716–717.

The Alaska Supreme Court in *Sinka, supra,* in construing A.S. 09.10.150, a statute substantially identical to Section 28–01–26, N.D.C.C., succinctly explains its interpretation of that provision:

"Appellee claims that the purpose of this statute is to require that all survival actions be brought within one year after the death. We find that interpretation of AS 09.10.150 untenable.

"If the decedents had lived, they would have had four years to pursue their claims under AS 45.05.442. In our view, the survivorship statute, AS 09.10.150, was not intended to shorten the specific statutory provisions governing a cause of action but to extend the statutory period where it otherwise would have expired within a year after the death. The executor or administrator has the full statutory period which the decedent if living

---

**2.** This Court did not determine the applicable statute of limitations for survival actions in *Graco, supra,* because the case involved a wrongful death action as to which that determination would have been irrelevant. Conse-

quently, this Court in *Graco, supra,* did not attempt to analyze or construe Section 28–01–26, N.D.C.C., in its application to survival actions.

would have had, but if the decedent dies in the last year of the statutory period the survivorship statute gives his representative an additional year from the death to bring the claim." [Footnote omitted.] 491 P.2d at 119.

We construe Section 28–01–26, N.D. C.C., as the foregoing authorities have construed substantially identical provisions in their jurisdictions, to permit the commencement of a survival action at any time within the period which the decedent could have brought an action under the applicable statute of limitations if he had not died. We further construe Section 28–01–26, N.D. C.C., to permit the commencement of a survival action at any time within one year from the decedent's death if the applicable statute of limitations period expires within one year from the decedent's death.

The survival action in the instant case is based upon two theories in tort and is, therefore, subject to the six-year statute of limitations under Subsection 28–01–16(5), N.D.C.C. *See, Bender v. Time Ins. Co.,* 286 N.W.2d 489 (N.D.1979). It is undisputed that the survival action was commenced within six years after the cause of action accrued, and, accordingly, it is not barred by the statute of limitations.

VANDE WALLE and PEDERSON, JJ., and MUGGLI, Surrogate Judge, concur.

MUGGLI, Surrogate Judge, sitting in place of PAULSON, J., disqualified.

SAND, Justice (concurring specially and dissenting).

I agree that the actions involved in the questions certified to this court are not barred by any statute of limitations.

Black's Law Dictionary states that the term "survival actions" "refers to actions for personal injuries which by statute survives death of injured person. *Britt v. Sears,* 150 Ind.App. 487, 277 N.E.2d 20, 23. An action or cause of action which does not become extinguished with the death of the party claiming the action."

In my opinion, a wrongful death action per se is not a survival action but a new action which comes into being as a result of the death. The survival action for an injury is an independent action and is governed by § 28–01–18(4), NDCC, having a two-year limitation, whereas a wrongful death action is governed by § 28–01–16(2), NDCC, having a six-year limitation. *See* my dissent in *Sheets v. Graco, Inc.,* 292 N.W.2d 63 (N.D.1980).

The actions involved here were commenced more than one year but less than two years after death occurred; therefore, no statute of limitations applies unless § 28–01–26, NDCC, is made applicable.

However, § 28–01–26, NDCC, is an extension statute rather than a time reduction statute and does not become operative in the actions involved here. Basically, the statute was designed to extend rather than to shorten.

During the 1895 session some of the basic statutes and subsections involved here were enacted or amended not by separate bills but by the adoption of several codes (Criminal Code, Political Code, etc.), which were considered separately. Clement A. Lounsberry, North Dakota, History and People, Vol. I, page 437. My research has not brought to light any bills introduced or acted upon by the North Dakota Legislature which dealt with the subjects covered by § 28–01–18(4), or related matters. Unfortunately, we do not have the usual benefit of individual bills from which we can glean legislative intent and objectives in construing statutes such as are involved here. As a result, speculation and conjecture are invited. The Legislature is in a position to eliminate this problem.

Nevertheless, I find it strange that, as a result of the rationale in *Sheets, supra,* a wrongful death action is limited to two years, whereas an action for injuries is limited to six years. In my opinion, the reverse should apply.