Dorothy **MARSDEN**, as Administratrix of the Estate of Ellis Coley Marsden, deceased, and as Trustee for the Workmen's Compensation Bureau, Plaintiff and Respondent,

v.

Garry **O'CALLAGHAN**, Defendant and Appellant.

No. 7539.

Supreme Court of North Dakota.

April 20, 1956.

Rehearing Denied July 2, 1956.

Higgins & Donahue, Bismarck, for defendant and appellant.

William S. Murray, Bismarck, for plaintiff and respondent.

JOHNSON, Judge.

This action was originally brought by Ellis Coley Marsden as plaintiff. After his death, by stipulation of the parties and order of the trial court, Dorothy Marsden, his widow, as administratrix of his estate, was substituted as plaintiff for him. The stipulation stated: "shall succeed to any right of action which the deceased might have." The cause of action did not

abate by the death of the plaintiff. Section 28-01261 NDRC 1953 Suppl.

This is a companion case of Marsden v. O'Callaghan, N.D., 77 N.W.2d 522. We shall designate that case hereafter as the Marsden case. It arises out of the same facts. This case and the Marsden case were consolidated for trial in the district court. Separate verdicts were rendered and separate judgments entered. Separate appeals were taken to this court.

The complaint in this case is also based on the alleged negligence of the defendant. The defenses in the instant case are the same as those interposed in the Marsden case with the exception that two counterclaims are pleaded by the defendant in this action.

The plaintiff recovered a verdict. After entry of judgment the defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial. The motion was based on the same grounds as those presented in the Marsden case, with two additional grounds that were neither urged nor argued upon this appeal.

The appeal to this court is from the judgment alone. The order denying the motion for judgment notwithstanding the verdict or a new trial has become final. No appeal was taken therefrom.

The issues raised in the instant case are controlled by the decision rendered in Marsden v. O'Callaghan, N.D., 77 N.W.2d 522 and on the decision of Goodman v. Mevorah, 79 N.D. 653, 59 N.W.2d 192, therein cited.

In the instant case the alleged errors of law based on the refusal of the trial court to give three requested instructions were properly before the trial court on the alternative motion for a new trial made in this case. The decision upon the motion has become res adjudicata. These alleged errors are, therefore, not before us in this case. Goodman v. Mevorah, supra.

The judgment appealed from is affirmed.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.