Louise FALK, Plaintiff and Respondent,

v.

Kenneth FRANDSEN and Nettie Frandsen, d/b/a Kenny's Motel, Defendant and Appellant.

No. 8225.

Supreme Court of North Dakota.

Sept. 10, 1965.

Rehearing Denied Sept. 23, 1965.

William R. Mills, Bismarck, for appellant.

Mackenzie & Jungroth, Jamestown, for respondent.

TEIGEN, Judge.

The defendants have appealed from a judgment rendered in favor of the plaintiff for wages and awarding the plaintiff attorney's fees under Section 34–06–16, N.D.C. C. This section provides that if a woman or minor worker shall be paid by the employer less than the minimum wage, as established by the Commissioner of Agriculture and Labor, such worker may recover in a civil action the difference "together with such attorney's fees as may be allowed by the court."

The case was tried to a jury. It returned a verdict in favor of the plaintiff in the amount of $51.20 and thereafter the court awarded the plaintiff $225 attorney's fees. Costs and disbursements were also taxed and allowed in the sum of $74.30.

In the trial court the defendants tried their case pro se. An attorney drew and served the answer to the complaint but

withdrew before trial. A second attorney was procured for this appeal.

No motion was made for a directed verdict and, after the verdict, no motion was made for a new trial or judgment n.o.v. For this reason the plaintiff contends we cannot review the sufficiency of the evidence or specifications of error of law occurring during the trial. The defendants, during argument to this court, stated they are not asking a review of the judgment for wages nor are they complaining about the costs and disbursements assessed by the clerk. Thus the only question remaining is the validity of the award for attorney's fees made by the court after the verdict was received.

Chapter 34–06, N.D.C.C., before the adoption of Chapter 236 of the North Dakota Session Laws of 1965, was limited in its application to women and minors under the age of 18 years. It placed certain duties and powers in the Commissioner of Agriculture and Labor relative to wages, hours, and working conditions for women and minors. It provided he may prescribe standards and promulgate rules and regulations to carry them into effect. Pursuant to the authority there was adopted Public Housekeeping Occupation M.W.D. Order No. 1. It provides in part that no employer shall employ any woman for qualified kitchen help at a weekly rate of less than $29.28 ($128.88 per month, 61¢ an hour). It appears the defendants operate a diner in connection with the motel. The plaintiff was employed by the defendants in their diner doing cooking in the kitchen from August 4, 1962, to November 13, 1962. She was paid semimonthly. She was paid at the rate of 75¢ per hour for the first two pay periods and then her wages were raised to 80¢ per hour. She took one meal per day at the diner.

The order providing minimum wages referred to above was in effect during plaintiff's employment. It also provided that when meals are furnished by the employer, each meal shall be computed at 55¢ per meal.

During the first six semimonthly pay periods no deduction was made for meals, although it appears the plaintiff took one meal at the diner per working day. The plaintiff, at the request of the defendants, daily wrote on slips of paper the hours she worked and the meals she ate and turned them in to the employer at the end of each working day. At the end of each pay period, the wages earned were computed from the slips of paper. They were then stapled together with the wage computation slip attached and kept by the employer. They are in evidence. The first six pay periods the defendant made no deduction for meals. The employment was terminated on November 13, 1962. When final payment was made the employer deducted $21 from the wages earned during the last pay period in settlement of certain items covering the employment period.

The order of the Commissioner referred to above provides that where meals are furnished on the premises, a thirty-minute period free from interruption shall be allowed for each meal and any such meal time occurring during the working shift shall be considered a part of the working hours, both in computing maximum legal hours and hourly wages.

When the computation was made on final settlement it was attached to the daily slips as usual. They were received in evidence. They state, in part, as follows:

"Pop 10 bottles a week for 15 weeks even at 5¢ a bottle $7.50          $5.00

2 bottles almost every day.

Time: Cheated on lunch time at least 2 hrs. each week 12 weeks          24 hrs."

There was also a disagreement as to the hours worked in the last period of November 1 through November 13. The plaintiff claimed 84 hours and the employer 81 hours. The employer, through Nettie Frandsen who operated the diner, testified she had kept her own record of the time of arrival and departure of the plaintiff during this period and that, according to her calcula-

tions, she had worked 81 hours. The plaintiff's daily slips totaled 84 hours. In making the computation for wages, the employer allowed 81 hours, deducted 20 hours lunch time which "I didn't deduct before 12 weeks period," leaving a balance of 61 hours at 80¢ per hour, which equaled $48.80. She then deducted $5.00 "pop not paid for, this isn't figuring anything for the candy you helped yourself to 15 week period" and allowed the balance of $43.80 wages. She then deducted social security and withholding taxes equaling $5.02 and issued the plaintiff a check in final settlement in the amount of $38.78.

The plaintiff then complained to the Commissioner of Agriculture and Labor and an inspector of the department was sent out to see the employer. A conference was held which resulted in a settlement. The inspector's computation sheet was introduced in evidence and he explained it on the witness stand. He testified that an allowance of 55¢ per meal equaled approximately 7¢ per hour for a maximum 8½ hour working day. He used this figure and deducted 7¢ from the minimum allowable wage of 61¢ per hour. This left a balance of 54¢ per hour which he multiplied by 23 hours (20 hours deducted by the employer for cheating on lunch time, plus 3 hours additional time claimed by the plaintiff in the last period) and arrived at $12.42, which he advised the employer she should pay in settlement of the plaintiff's claim. A second sheet is attached to the settlement sheet described showing figures arriving at the same result but computed on a different basis. It is not marked as an exhibit and does not appear to be in evidence.

A check for $12.42 was given to the inspector for delivery to the plaintiff, who was not present at the conference. The inspector also prepared a settlement statement providing that the payment of $12.42 "is settlement in full for the wage and hour claim" of the plaintiff against the defendants and "Both parties agree to this as settlement in full in accordance with our claim file." It was signed by the plaintiff and by Mrs. Frandsen on behalf of the defendants.

The defendants stopped payment of both checks and contacted the inspector to correct a claimed oversight or error in the computations but were unable to negotiate further.

The complaint alleges the plaintiff was paid "under the minimum wage." It also alleges that an agreement was entered into between the plaintiff and the defendant, and that "underpayments in wages had been paid of at least $12.42." It alleges the defendant gave the plaintiff a check in the amount of $38.78 for her last wages and another check in the amount of $12.42 for "underpayment on the Minimum Wage Law" but that payment of said checks had been stopped. It prays judgment for $51.20 (the sum of the two checks), for costs and disbursements, and for reasonable attorney's fees provided by law. The defendants' answer denies the material allegations of the complaint and affirmatively pleads that the plaintiff is not entitled to more wages and places the plaintiff on her proof.

During the trial of the case no issue developed relative to a pay scale. The defendants paid 75¢ per hour for the first two semimonthly periods and 80¢ per hour thereafter. This is well in excess of the minimum wage provided by the order of 61¢ per hour for kitchen help. The inspector for the department verified this in his testimony. He was asked on cross-examination:

"Q. I really didn't pay her under the minimum wage?

"A. That is right. There is no complaint about that as far as I know."

The only issue that developed during the trial was whether or not the defendants should be permitted to deduct from the plaintiff's earnings meals taken during the employment period at the rate authorized

by the department. This issue was resolved by the jury when it found the plaintiff was entitled to recover $51.20. The computation made by the inspector does include a deduction for meals for the last pay period which the plaintiff worked, but there was no allowance for meals during the first six periods. Defendants claim they should be allowed this deduction for the full employment period.

We have studied the record in this case and are unable to determine that it is a suit for the collection of the "full amount of the minimum wage" as provided by the statute, Section 34-06-16, N.D.C.C., which authorizes the trial court to allow attorney's fees in favor of the employee. The defendants denied the plaintiff was "underpaid under any order of the minimum wages and hours division of the Department of Agriculture of the State of North Dakota." The plaintiff in her complaint alleges this is an action for the recovery of the full amount of the minimum wage but she has failed to prove underpayment as a cause of action, although she recovered a favorable verdict. Section 34-06-16, N.D.C.C., provides:

> "Recovery by underpaid employee.— If any woman or any minor worker shall be paid by her or his employer less than the minimum wage to which she or he is entitled under or by virtue of an order of the commissioner, such worker may recover in a civil action the full amount of the minimum wage less any amount actually paid to her or him by the employer, together with such attorney's fees as may be allowed by the court. An agreement providing for employment at less than the minimum wage specified in the order shall be no defense in such action."

■ Our rules of interpretation provide that words and phrases shall be construed according to the context and rules of grammar and the approved usage of the language. Section 1-02-03, N.D.C.C. Reducing the first sentence of the statute (Section 34-06-16, supra) to its essential parts for the

purpose of simplicity and interpretation, we may state it as follows:

> "If any woman * * * shall be paid * * * less than the minimum wage to which she * * * is entitled under or by virtue of an order of the commissioner * * * such worker may recover in a civil action the full amount of the minimum wage less any amount actually paid to her * * * together with such attorney's fees as may be allowed by the court. * * *"

■ The first part of the sentence ("If any woman * * * shall be paid * * * less than the minimum wage to which she * * * is entitled under or by virtue of an order of the commissioner") is an adverbial clause modifying the verb "may recover." It imposes a condition on the right to recover. The words "shall be paid" are a compound verb. The two auxiliary verbs "shall be" place the verb "paid" in the future tense. It makes the statute operate prospectively. The verb "shall be paid" is modified by the adverbial phrase which follows it and imposes the condition that the pay shall not be "less than the minimum wage to which she is entitled under or by virtue of an order of the commissioner." The commissioner is empowered by the chapter (Chapter 34-06) to ascertain and prescribe standards of minimum wages for women. Section 34-06-03(3). After investigations (Section 34-06-08), conferences (Section 34-06-09), and consideration of the reports (Section 34-06-11), the commissioner may make and render such order as may be necessary, which order shall become effective on the sixtieth day following its rendition. No employer shall violate or disregard the terms or provisions of the order; he may not employ any woman worker covered thereby at a "lower wage scale" than authorized therein. Section 34-06-12, N.D.C.C. Thus it is clear the term "order of the commissioner," as used in the statute, is an order establishing a minimum wage scale or rate of pay used to compute the wages earned. The order may

also establish in appropriate occupations "piece rates as distinguished from time rates." Section 34–06–10, N.D.C.C.

In this case it was an hourly rate that was established for the occupation in question. There is no claim made that the hourly wage in this case was below the minimum provided by the commissioner's order. The amount paid per hour was clearly in excess of the minimum provided by the commissioner's order.

■ On the basis of the evidence adduced on the part of both parties, the recovery is not based upon the minimum wage order of the department but on the issue of whether or not the defendant should be allowed to deduct for meals furnished contrary to the settlement between the parties, brought about through the efforts of the inspector of the Department of Agriculture and Labor. It follows that the trial court was in error in awarding attorney's fees under Section 34–06–16, N.D.C.C., and, therefore, the judgment insofar as it awards attorney's fees must be reversed; otherwise, it is affirmed.

The plaintiff has petitioned this court for the allowance of attorney's fees on appeal. This petition must be denied for the reasons set forth above. Section 34–06–16, N.D.C.C., does not apply to this case.

For the reasons aforesaid, judgment is modified and, as modified, affirmed.

STRUTZ and KNUDSON, JJ., concur.

BURKE, Chief Justice (concurring specially).

I cannot agree with the construction given to Section 34–06–16, N.D.C.C. in the opinion written by Judge TEIGEN. In my opinion this section allows attorney fees in any suit for minimum wages by a person entitled thereto where the judgment entered in the case, upon sufficient evidence, determines that the wage claimant had not in fact been paid the minimum wage, notwithstanding the fact that the employer may have agreed to pay the claimant a wage in excess of the minimum wage. Where the agreement was for more than the minimum wage it would be incumbent upon the claimant to elect to sue for the minimum wage or to sue on her contract. If she elected to sue for the minimum wage, her recovery would be limited to the amount of the minimum wage and reasonable attorney fees. If she elected to sue on the contract, she could recover the amount due under the contract but not attorney fees.

Claimant worked for her employer for approximately 14 weeks. She was paid semimonthly. During the first two pay periods her agreed wage was 75¢ an hour. During the balance of the time it was 80¢ an hour. The minimum wage was 61¢ an hour. When claimant quit work, a dispute arose between her and her employer. The employer contended that through an error, she had failed to deduct from the amount paid to claimant the value of the meals eaten by the claiment in the employer's restaurant during the first six pay periods. Certain other but lesser deductions were also claimed by the employer. In this dispute between employer and claimant, the issue was whether the claimant had in fact been overpaid during the first six pay periods and if such was the case, whether the employer could charge such overpayments against the claimant's wages for the last period.

It is true that the complaint in this action alleged failure to pay the minimum wage. However, the evidence in the case reviewed all of the debits and credits between the parties for the entire period of the employment. Evidence of a settlement of the dispute between the parties, was also received in evidence. The jury rendered a verdict for the claimant in the exact amount of the settlement as testified to by claimant's witnesses. The record clearly shows that the claimant received in excess of the minimum wage for the period, to which the dispute between the parties relat-

ed.  Under the evidence the jury must have found either that claimant was entitled to the amount mentioned in the settlement under the contract between the parties, or that the settlement was binding on the parties.  A finding that claimant had not received the minimum wage for the period during which the disputed items arose would be contrary to the evidence.  The judgment in this case cannot therefore be construed as a judgment for minimum wages and consequently Section 34–06–16 N.D.C.C. does not apply.  I therefore, concur in a reversal of that part of the judgment which allows attorney fees.

I join in the special concurrence of Chief Justice BURKE.

ERICKSTAD, Judge.