Betty M. ARMSTRONG, Plaintiff and
Respondent,

v.

Harold A. MILLER and Melvin J. Mickel-
son, Defendants and Appellants.

No. 8817.

Supreme Court of North Dakota.

Aug. 31, 1972.

Wattam, Vogel, Vogel & Peterson, Fargo, and Dosland, Dosland, Nordhougen & Mickelberg, Moorhead, Minn., for appellant Harold A. Miller.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for appellant Melvin J. Mickelson.

Tenneson, Serkland, Lundberg & Erickson, Fargo, for respondent.

KNUDSON, Judge.

This is an appeal from summary judgments in favor of Betty M. Armstrong against the defendants Harold A. Miller and Melvin J. Mickelson on the issue of liability only. From these judgments the defendants appeal and raise the question whether the doctrine of collateral estoppel or res judicata entitles the plaintiff in this lawsuit to summary judgment regarding the liability of the defendants on the basis of the jury's verdict in a prior lawsuit.

In the present action, Mrs. Armstrong claims damages to her person arising out of the negligence of the defendants in an accident on or about May 30, 1969, when the automobile driven by her husband was in a collision with the truck of Mr. Miller and the automobile of Mr. Mickelson.

In the prior action Mrs. Armstrong recovered judgments against Mr. Miller and Mr. Mickelson for the wrongful death of her husband, who was killed in that accident. The jury found that Mr. Miller and Mr. Mickelson were negligent in the operation of their respective motor vehicles and that such negligence was the proximate cause of the death of Mr. Armstrong.

Mr. Miller and Mr. Mickelson contend that the prior action for the wrongful death of her husband was brought by Mrs. Armstrong in a representative capacity under the North Dakota wrongful death statute. They claim that the plaintiff is attempting to use the judgment in the prior action offensively to preclude the defendants from litigating the issue of their liability to the plaintiff for her personal injuries. They argue that the doctrine of collateral estop-

pel or res judicata may not be used offensively to allow the plaintiff in this action to have summary judgments on the basis of the jury's verdict in the prior action on the theory that the doctrine of res judicata or collateral estoppel does not operate to benefit strangers to a judgment. They claim that Mrs. Armstrong was not a party or privy to a party in the prior action. They assert that in that action, brought under the North Dakota wrongful death statute, the plaintiff, Mrs. Armstrong, was suing in a representative capacity to recover damages for the wrongful death of her husband, and the judgment in that action was binding on the plaintiff, individually, only insofar as it affected her right to claim damages from these defendants for loss of support and other pecuniary damages sustained by reason of her husband's death; but is not binding on the plaintiff in the present action, as this is a separate action brought by the plaintiff in an individual capacity seeking to recover damages for her own personal injuries, and she is attempting to use the judgment in the prior action offensively to preclude the defendants from litigating the issue of their liability to Mrs. Armstrong for her personal injuries.

The prior action was brought by Mrs. Armstrong against Mr. Miller and Mr. Mickelson under the North Dakota wrongful death statute. At common law no action would lie to recover damages for the wrongful death of a person, although such death clearly involved pecuniary loss to the person seeking compensation. The right of action for wrongful death is statutory. The statutory provisions upon which the plaintiff's right to maintain the action depends are contained in Chapter 32–21, North Dakota Century Code.

Section 32–21–01, N.D.C.C., declares that those who wrongfully or negligently cause an injury resulting in the death of another are liable notwithstanding the death of the person injured.

The right to bring the action is vested by § 32–21–03, N.D.C.C., in the following persons in the order named: (1) the surviving husband or wife, if any; (2) the surviving children, if any; (3) the surviving mother or father; and (4) the personal representative.

Section 32–21–04, N.D.C.C., exempts the amount recovered from liability for the debts of the decedent and provides for whose benefit the action is brought, "but shall inure to the exclusive benefit of his heirs at law in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purpose of determining such share after the trial may make any investigation which he deems necessary."

The issue here resolves itself to the question whether Mrs. Armstrong was a party or a privy to a party in the prior action. If she was a party or a privy to a party in the prior action, in which the defendants were found to be negligent, then the doctrine of res judicata may be applicable in the present action to determine the issue of the negligence of the defendants in the present action. And in the present action the trial court said that the doctrine of res judicata was applicable and held that the finding of the negligence of the defendants in the prior action was determinative of the liability of the defendants in the present action and granted summary judgment on that issue only in favor of the plaintiff.

In Feather v. Krause, 91 N.W.2d 1 (N.D.1958), at Syllabus ¶ 3, we said:

It is a general rule, subject to certain exceptions not applicable in the instant case, that the doctrine of res judicata binds only parties to the action in which the judgment was rendered and their privies and does not affect strangers to the judgment who are neither parties nor in privity with a party to the action.

With regard to the persons as to whom the doctrine of res judicata is applicable, the rule is well settled that a judgment is binding in favor of or against all parties to the proceedings in which it is rendered, and their privies, whether the doctrine is asserted on behalf of the plaintiff or defendant in the subsequent action.

46 Am.Jur.2d Judgments § 518, page 669.

The doctrine of res judicata as stated in many cases is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

30 Am.Jur. Judgments § 324, cited in Robertson Lumber Co. v. Progressive Contractors, Inc., 160 N.W.2d 61, 76 (N.D.1968).

In Union National Bank of Minot v. Western Building Co., 44 N.D. 336, 175 N.W. 628, 630–631 (1919), this court said, quoting from 10 R.C.L. pp. 1116, 1117, § 323:

"Upon established principles, a judgment binds and is admissible against parties to the suit in which it is rendered; and privies are, of course, bound, as they are the representatives of the real parties; but beyond these a judgment in personam is evidence only of the fact of its own rendition; it may not be introduced to establish the facts upon which it has been rendered. It is an axiom of the law that no man shall be affected by proceedings to which he is a stranger —to which, if he is a party, he must be bound. He must have been directly interested in the subject-matter of the proceedings, with the right to make defense, to adduce testimony, to cross-examine the witnesses on the opposite side, to control in some degree the proceedings, and to appeal from the judg-

ment. Persons not having these rights are regarded as strangers to the cause."

See also, 46 Am.Jur.2d Judgments § 519, in which the same analysis of the rule is stated.

In Hull v. Rolfsrud, 65 N.W.2d 94 (N.D. 1954), the court said, citing 72 C.J.S. Privity, page 958:

"In order to make a man a privy to an action he must have acquired an interest in the subject matter of the action either by inheritance, succession, or purchase from a party subsequently to the action, or he must hold property subordinately."

And, in 1 Freeman on Judgments (5th ed.) § 419, page 913, the author says:

The judgment in a proceeding to which one is a party merely as a guardian, guardian ad litem or next friend is not res judicata for or against him in a subsequent action to which he is a party only in his individual right; *and the converse of this proposition is equally true.* [Emphasis added.]

■ Therefore, Mrs. Armstrong, the plaintiff in the prior action for the wrongful death of her husband, in a representative capacity, has an interest in the judgment in that action as an heir at law or as a beneficiary of that judgment, and is a privy to that action in any subsequent action involving the wrongful death of her husband in her capacity as a representative and in her capacity as an heir, but is not a privy to the prior action in her capacity as an individual bringing a subsequent action for her personal injuries.

The trial court cited Stetson v. Investors Oil, Inc., 176 N.W.2d 643 (N.D.1970), in support of its conclusion that the doctrine of res judicata applied in the present case because the plaintiff is the same person who was plaintiff in the wrongful death action, the same accident is the basis for the plaintiff's claim for damages in both actions, and the same defenses raised.

But *Stetson* may be distinguished from the present case (Armstrong v. Miller). In *Stetson* privity was found between Investors Oil and the owners of the participating units, who prosecuted the action or the defenses thereto, and, in fact, were the real owners of the wells in both of the *Stetson* cases, and the owners of the participating units were subject to the judgment obtained against Investors Oil, the ostensible owner of the well.

In the present case (Armstrong v. Miller), Mrs. Armstrong brought the prior action in a representative capacity for the benefit of the heirs of the decedent, under the statute, and in the second action she brought the action in her own individual right to recover damages for her own individual injuries sustained in the accident in which her husband was killed.

The second action was not brought by Mrs. Armstrong in her capacity as a representative or as an heir, but was brought in her own individual capacity. Her status in each of the actions was separate and distinct. The subject matter in the first action was to recover damages for the wrongful death of her husband; the subject matter in the second action was to recover damages for her own personal injuries. Therefore, the issues may be different even though arising out of the same accident.

In Stetson v. Investors Oil, Inc., *supra*, Investors Oil proposed a program to drill oil and gas wells in which thirty-six participating units in the program were sold to twenty-five owners, who are the appellants or their predecessors in interest, in this appeal.

In the prior action the plaintiff obtained a judgment against Investors Oil for the amount due for the construction of a protective mound around an oil well within the area encompassed by the Garrison Reservoir. Odegaard v. Investors Oil, Inc., 118 N.W.2d 362 (N.D.1962).

In the subsequent action the plaintiff brought garnishment proceedings in aid of execution of the judgment and two of the owners of the participating units brought a related quiet title action, which were consolidated for trial. The trial court held, and affirmed by this Court, that the owners of the participating units were subject to the judgment in the prior action on the doctrine of res judicata, notwithstanding that they were not named as parties in that action, as there was privity between Investors Oil and the owners of the participating units who, though not an actual party to the record in the prior action, prosecuted the action or the defense thereto, on behalf of a party or assisted the latter or participated in the prosecution of such action or its defense. Citing 46 Am.Jur.2d Judgments, § 535.

In an extensive Annotation in 31 A.L.R. 3d, beginning at page 1044, Mutuality of Estoppel as Prerequisite of Availability of Doctrine of Collateral Estoppel To a Stranger to the Judgment is discussed at length, and we quote from that Annotation:

As used in this annotation, the phrase "stranger to the judgment" signifies a party to the proceeding involving an issue as to the collateral estoppel effect of a former judgment who was neither a party to, nor in privity with, a party to the judgment.

The phrase "rule of mutuality" refers to the requirement, discussed in § 3[a], infra, that as a general proposition, a judgment can operate as collateral estoppel only where all the parties to the proceeding in which the judgment is relied upon were bound by the judgment. The rule abandoning in whole or in part the requirement of mutuality of estoppel is sometimes referred to as the "nonmutuality rule," or the doctrine of "unilateral estoppel." The phrase "defensive use" of the doctrine of collateral estoppel means that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove

as an element of his defense. On the other hand, the phrase "offensive use" or "affirmative use" of the doctrine means that a stranger to the judgment, ordinarily the plaintiff in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an essential element of his cause of action or claim. In other words, defensively a judgment is used as a "shield," and offensively as a "sword."

31 A.L.R.3d 1048.

The traditional mutuality rule is to the effect that a stranger to the judgment, being not bound thereby, is not entitled to rely upon its effect as res judicata, including its effect as collateral estoppel. For all practical purposes, the mutuality rule is coextensive with the requirement that the plea of res judicata is available only to a party to the judgment and his privies.

31 A.L.R.3d 1051.

[T]he following four questions which must be answered in the affirmative in order for the doctrine of collateral estoppel to be applicable in a nonmutuality situation: (1) Was the issue which was decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? and (4) Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue? Attention is also called to other prerequisites of the general doctrine of collateral estoppel which require (1) that the question alleged to have been conclusively determined by the judgment was essential to that judgment; and (2) that, at least according to the view of some courts, a question of fact, in the sense in which the term is used for the purposes of the doctrine of collateral estoppel, must concern an "ultimate" fact, and not an "evidentiary" fact from which the ultimate fact is inferred.

31 A.L.R.3d 1056, 1057.

The mutuality rule has been expressed by the courts in varying language. Thus, it has been stated that an estoppel by judgment is mutual if both litigants are concluded by the judgment, and that otherwise it binds neither. . . .

The mutuality requirement is closely related to, and for all practical purposes about coextensive with, the requirement of identity of parties or privity.

It has been said that the requirement of identity of parties is commonly known as the requirement of mutuality, or at least that "the requirement of parties or privity relegates the doctrine of mutuality to a minor role." . . .

As to the necessity of identity of parties or privity, it has been said that only parties to the former judgment or their privies may take advantage of or be bound by it; that a "party" in this connection is one who is directly interested in the subject matter and has a right to make defense, or to control the proceeding, and to appeal from the judgment; and that a "privy" is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase.

The American Law Institute Restatement of Judgments (1942) states the basic rule in § 93 as follows: "Except as stated in §§ 94–111, a person who is not a party or privy to a party to an action in which a valid judgment other than a judgment in rem is rendered . . . is not bound by or entitled to claim the benefits of an adjudication upon any matter decided in the action." Nowhere in the Restatement is the rule specifically expressed in terms of the mutuality requirement. In effect, however, the Restatement of Judgments adheres to the

mutuality rule and its traditional exceptions, as appears from its Comment d to § 93, which reads as follows: "Collateral estoppel. The parties to a valid personal judgment are concluded by findings of law or of fact upon litigated issues in accordance with the rules stated in §§ 68–72. These findings do not, however, affect persons who are not parties or privies to the action and the judgment. Thus, if in an action it is found that a contract or conveyance was or was not void, or that one of the parties was or was not guilty of fraud or negligence, so that in another action the fact so found would be conclusive between the parties, the finding has no effect upon persons who were not parties or privies to the judgment, except as stated in §§ 94–111. This is true although such persons were interested in the outcome of the action, or were witnesses or participated in a representative capacity for the benefit of one of the parties. They are not bound by the determination nor does it operate in their favor in subsequent actions between them and one of the parties to the action."

31 A.L.R.3d 1060, 1061.

In the present action Mrs. Armstrong does not appear in a representative capacity or as a successor or heir, in which capacities she would have privity in the subject matter in the first action. In the second action she appears in her individual capacity, in which capacity she does not have an interest in the subject matter in the first action, and therefore is not privy to the first action.

Adhering to the mutuality rule, Mrs. Armstrong, not being in privity in the first action, is neither bound by nor may she claim the benefits of the former adjudication of liability in the prior judgment.

The summary judgment is reversed.

STRUTZ, C. J., and TEIGEN, ERICKSTAD, and PAULSON, JJ., concur.