Leona SHEETS, Plaintiff and Appellant,

v.

GRACO, INC., a Minnesota Corporation; Farmers Union Central Exchange, a Minnesota cooperative association; and Farmers Union Oil Company of Powers Lake, North Dakota, a North Dakota cooperative association, Defendants and Appellees.

Civ. No. 9706.

Supreme Court of North Dakota.

April 21, 1980.

64

Letnes, Marshall & Fiedler, Grand Forks, for plaintiff and appellant; argued by F. John Marshall, Grand Forks.

McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellee, Graco, Inc., a Minnesota corporation; argued by Orlin W. Backes, Minot.

Bjella, Neff, Rathert & Wahl, Williston, for defendant and appellee, Farmers Union Central Exchange, a Minnesota cooperative association; argued by Paul W. Jacobson, Williston.

Pringle & Herigstad, Minot, for defendant and appellee, Farmers Union Oil Company of Powers Lake, North Dakota, a North Dakota cooperative association; argued by Mitchell Mahoney, Minot.

Mart R. Vogel of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, amicus curiae in support of plaintiff and appellant.

ERICKSTAD, Chief Justice.

This is an appeal from a summary judgment granted in favor of the defendants on the ground the plaintiff's claim is barred by the statute of limitations. We affirm.

A wrongful death action was brought by the plaintiff, Leona Sheets, the surviving wife of the late Harold T. Sheets. The incident which resulted in Harold's death occurred on August 2, 1975, while he was spray painting a farm building near Stanley, North Dakota. While applying paint to the barn, it is alleged that the paint sprayer

discharged injecting paint into Harold's body. As a result of this mishap, he died on September 14, 1975.

The defendants in this action, Graco, Inc., Farmers Union Central Exchange, and Farmers Union Oil Company of Powers Lake, North Dakota [hereinafter referred to collectively as Graco], are corporations engaged in the manufacture and sale of the paint and paint spraying equipment used by Harold at the time the accident occurred in August of 1975.

The present action was commenced by service of a summons and complaint on July 20, 1979, nearly four years after Harold's death. Leona sought damages for pecuniary loss she suffered as a result of her husband's death, including loss of property, loss of support, and loss of consortium. Her action against each of the corporations named as defendants in this lawsuit is based upon claims of negligence, strict liability, and breach of implied and expressed warranties.

Motions for summary judgment of dismissal of the complaint were filed by each of the three corporations in August of 1979, and the motions were consolidated for hearing. The ground for each of the motions was that the wrongful death action was barred by the two-year statute of limitations as set forth in Section 28–01–18(4) of the North Dakota Century Code. A hearing on the motions for summary judgment was held on October 2, 1979, in Burke County District Court, Northwest Judicial District. The trial court determined that the action was barred by the statute of limitations, and summary judgment was entered on October 5, 1979. Leona appeals to this court from that judgment.

Section 32–21–01 of the North Dakota Century Code is our wrongful death statute and it provides as follows:

"32–21–01. *When action for death by wrongful act maintainable*—Whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would have entitled the party injured, if death had not ensued, to maintain an action and

recover damages in respect thereof, then and in every such case the person who, or the corporation or company which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or of the tort-feasor, and although the death shall have been caused under such circumstances as amount in law to felony."

At common law there was no right of recovery for the wrongful or negligent injury of another which caused his death. *Harshman v. Northern Pac. Ry. Co.*, 14 N.D. 69, 103 N.W. 412 (1905). Although the wrongful death of another involves pecuniary loss to the person seeking compensation, the right to bring such an action is purely statutory, and the statutory provisions upon which a wrongful death action can be maintained are contained in Chapter 32–21 of the North Dakota Century Code. *Armstrong v. Miller*, 200 N.W.2d, 282 (N.D. 1972).

The wrongful death statute "is not a survival statute intended to increase the estate of the deceased, but its purpose is to give a measure of protection to those persons within a fixed degree of relationship to and dependency on the deceased because of actual injury sustained by them by reason of the wrongful killing of the deceased . . . ." *Satterberg v. Minneapolis, St. P. & S. S. M. Ry. Co.*, 19 N.D. 38, 41, 121 N.W. 70, 71 (1909); *see* Section 32–21–03, N.D.C.C.

The amount recovered inures to the exclusive benefit of the deceased's heirs, and said amount shall not be liable for the debts of the deceased. Section 32–21–04, N.D.C.C.

There has never been a self-contained statute of limitations within the wrongful death provisions of Chapter 32–21, N.D.C.C. However, Section 28–01–18, N.D.C.C., provides in pertinent part:

"28–01–18. *Actions having two-year limitations*—The following actions must be commenced within two years after the cause of action has accrued:

\* \* \* \* \* \*

4. An action for injuries done to the person of another, when death ensues from such injuries, and the cause of action shall be deemed to have accrued at the time of the death of the party injured."

Leona contends that Section 28–01–18(4), N.D.C.C., is not applicable in the case at bar because the pertinent provisions of that subsection only refer to actions "for injuries done to the person of another, when death ensues from such injuries . . . ." She argues that the present action is one for pecuniary damages she has suffered as a result of her husband's wrongful death, brought pursuant to the Wrongful Death Act under Section 32–21–01 of the North Dakota Century Code, and that Section 32–21–01 contains no express limitation for commencement of an action brought pursuant thereto. Leona's contention is that the present action is based upon claims against Graco of negligence, strict liability, and breach of warranty, and, therefore, in the absence of any express limitations period under the Wrongful Death Act, the applicable statute of limitations is six years. *See* Section 28–01–16(2), N.D.C.C.[1] She argues that, because the present action was filed within four years of Harold's death, summary judgment was improperly granted.

■ Generally, where there are statutory provisions which provide for a special statute of limitations in wrongful death actions, such a limitation controls regardless of the tort, contract, or breach of warranty aspects of the case. *Rogers v. Smith Kline & French Laboratories*, 5 Ariz.App. 553, 429 P.2d 4 (1967); 22 Am.Jur.2d, *Death* § 35 (1965); 25A C.J.S. *Death* § 53(a) (1966). The problem in the instant case is that there is no self-contained statute of limitations within the wrongful death provisions of Chapter 32–21, N.D.C.C.

■ Literally, Section 28–01–18(4), N.D.C.C., provides a two-year statute of limita-

tions for "an action for injuries done to the person of another, when death ensues from such injuries . . . ." The enactment of the Wrongful Death Act was a response to the failure of the common law to provide a remedy for wrongful death. The Wrongful Death Act compensates the survivors for losses they have sustained by reason of the wrongful killing of the deceased. *Armstrong v. Miller*, 200 N.W.2d 282 (N.D.1972). This is to be distinguished from a survival action, which is a separate and distinct cause of action. The basis for an action under our wrongful death provisions is the existence of an injury to the deceased. A wrongful death action, like a survival action, is dependent upon the injuries sustained by the deceased, and ensues from the injuries which caused his death.

Section 28–01–18(4) further provides that "the cause of action [referred to therein] shall be deemed to have accrued at the time of the death of the party injured." It is necessary to distinguish between wrongful death actions and survival actions to better understand the importance of this pertinent provision.

■ Conceptually, survival actions are quite different from wrongful death actions. Each provides a separate and distinct remedy for a different kind of loss. Wrongful death actions are intended to compensate the survivors of the deceased for the losses they have sustained as a result of a wrongful killing. Dependent upon the specific statutory language, losses recoverable by survivors in wrongful death actions often include the prospective loss of earnings and contribution; prospective expenses; loss of services; loss of companionship, comfort, and consortium; and mental anguish and grief. *See* 1 S. Speiser, Recovery for Wrongful Death 2d, Ch. 3 (1975). Survival statutes, on the other hand, are remedial in nature, and are intended to permit recovery by the representatives of

1. "28–01–16. *Actions having six-year limitations* —The following actions must be commenced within six years after the cause of action has accrued:
 \* \* \* \* \* \*

2. An action upon a liability created by statute, other than a penalty or forfeiture, when not otherwise expressly provided." § 28–01–16(2), N.D.C.C.

the deceased for damages the deceased could have recovered had he lived. Section 28–01–26, N.D.C.C.;[2] see Section 28–01–26.1, N.D.C.C. A survival action merely continues in existence an injured person's claim after death as an asset of his estate, while a wrongful death action is an entirely new cause of action for the benefit of those persons who bear a close relationship to the deceased and who have suffered injury as a result of his wrongful death. *Satterberg v. Minneapolis, St. P. & S. S. M. Ry. Co.*, 19 N.D. 38, 121 N.W. 70 (1909); 2 S. Speiser, Recovery for Wrongful Death 2d § 14:1 (1975); see Section 32–21–03, N.D.C.C.

"The elements of damages recoverable under survival statutes are generally as follows: conscious pain and suffering; medical expenses; funeral and burial expenses; and loss of earnings, *usually from the time of injury to the time of death*. In some jurisdictions, punitive damages, mental anguish, or any outrage to the feelings of the injured person, may also be recovered." (Emphasis added.) 2 S. Speiser, Recovery for Wrongful Death 2d § 14:6 (1975).

 Standing alone, we believe that the words "[a]n action for injuries done to the person of another, when death ensues from such injuries," as found in Section 28–01–18(4), could reasonably be interpreted to apply solely to survival actions. However, when one considers that the cause of action "shall be deemed to have accrued at the time of the death of the party injured," Section 28–01–18(4), then it becomes clear that the two-year limitation provision is to apply to wrongful death actions. The reason is that survival actions accrue, or come into existence as a legally enforceable right, not at the time of the death of the injured party, but at the time the deceased was first injured. As previously established, a survival action is merely a continuation of a claim the deceased would have been entitled to bring had he not died. The representatives of the deceased merely step into

his shoes and continue the cause of action on behalf of the deceased's estate. *See Marsden v. O'Callaghan*, 77 N.W.2d 531 (N.D.1956). A survival action actually accrues at the time of injury, and, if the person injured later dies, the action is continued by his representatives in the form of a survival action. A wrongful death action, however, is an entirely new and independent cause of action that can only accrue at the time of the wrongful death, based upon the death itself. Such actions are intended to compensate the survivors of the deceased for the losses they have sustained as a result of the wrongful death.

 We recognize that words and phrases in a statute are to be construed according to the context and rules of grammar and the approved usage of language. Section 1–02–03, N.D.C.C.; *Falk v. Frandsen*, 137 N.W.2d 228 (N.D.1965). Consideration must be given to the ordinary sense in which the words are used, the context in which they are placed, and the background for the enactment as far as that can be ascertained from the whole act. *Harding v. City of Dickinson*, 76 N.D. 71, 33 N.W.2d 626 (1948); see Section 1–02–02, N.D.C.C. Meaning should be given to every word, clause, and sentence in the statute. *Brenna v. Hjelle*, 161 N.W.2d 356 (N.D.1968). The object is to ascertain and give effect to the intent of the Legislature. *State v. Unterseher*, 289 N.W.2d 201 (N.D.1980).

 We believe that the words, clauses, and sentences of Section 28–01–18(4), when viewed as a whole, indicate that the two-year limitation period contained therein applies to wrongful death actions. Wrongful death actions are actions for injuries done to the person of another from which death has ensued, and wrongful death actions accrue at the time of the death of the party injured. Therefore, such actions fall within the two-year limitation provision of Section 28–01–18(4). We further believe that this

**2.** "28–01–26. *Limitation in case of death*—If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced by his representatives after the expiration of that time and within one year from his death. . . ." § 28–01–26, N.D.C.C.

construction gives effect to the legislative intent as disclosed by the language of the enactment, and unveiled by delving into the history of the controlling statutes.

A cause of action for wrongful death was first created by statute in 1895, as there was no such right of recovery under the common law. R. C. 1895, § 5974.[3] The language of the wrongful death statute has remained virtually unchanged since 1895, and, since its enactment, there has never been a self-contained statute of limitations within its provisions.

Also enacted by the Legislature in 1895 was Section 5203(4),[4] which is our present two-year statute of limitations found in Section 28–01–18(4), the language of which has also remained virtually unchanged since 1895.

We note that under our statute pertaining to limitations for survival actions, "[i]f a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced by his representatives after the expiration of that time *and within one year from his death.*" (Emphasis added.) Section 28–01–26, N.D.C.C. Section 28–01–26 was enacted in 1877,[5] and the one-year period referred to therein was present at that time. Apparently the Legislature intended that the predecessor of Section 28–01–18(4) [R. C. 1895 § 5203(4)] would cover wrongful death actions, while the predecessor of Section 28–01–26 [C.Civ.P. 1877, § 65] would cover survival actions, for to reach a contrary conclusion would render the one-year period under Section 28–01–26 superfluous and applicable to nothing. In further support of this construction, and indicative of the legislative intent, is the fact that both the Wrongful Death Act and the two-year statute of limitations period found in Section 28–01–18(4) were enacted the same year, 1895.

In *Van Ornum v. Otter Tail Power Company,* 210 N.W.2d 207 (N.D.1973), we held that a survival action brought by the personal representative of the deceased to recover for the deceased's pain and suffering, as well as punitive damages, was subject to the two-year statute of limitations period set forth in Section 28–01–18(4), N.D.C.C. *Id.* at 209, 210. Whether or not we would adhere to that opinion were the issue raised in the future, or whether or not, in light of the study and research necessitated by this opinion, we would hold that such a survival action was subject to the one-year limitation provided for in Section 28–01–26, N.D. C.C., we need not decide today. Had Section 28–01–26, N.D.C.C., been applied in *Van Ornum,* that would not have changed the result. The issue of whether or not Section 28–01–18(4) also applied to wrongful death actions as we have defined such actions today was not before this court in *Van Ornum.*

---

**3.** "§ 5974. *When action for maintainable.* Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation or company which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." R. C. 1895, § 5974.

**4.** Section 5203(4) of the Code of Civil Procedure, 1895, provides for a two-year statute of limitations for the commencement of:

"4. An action for injuries done to the person of another, when death ensues from such inju-

ries; and the cause of action shall be deemed to have accrued at the time of the death of the party injured." R. C. 1895, § 5203(4).

**5.** "§ 65. *Death.*] If a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives, after the expiration of that time, and within one year from his death. If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his executors or administrators after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." C.Civ.P. 1877, § 65.

This court has never been confronted with the issue presented in the case at bar, *i. e.*, which statute of limitations is applicable to wrongful death actions in North Dakota. We have, however, intimated, or in dictum said, that the appropriate period is the two-year limitation under Section 28–01–18(4), N.D.C.C. *See Hubbard v. Libi*, 229 N.W.2d 82 (N.D.1975); *Sprecher v. Magstadt*, 213 N.W.2d 881 (N.D.1973); *Van Ornum v. Otter Tail Power Company*, 210 N.W.2d 207 (N.D.1973).

The solution for the future might be legislative action incorporating a specific limitation within the wrongful death statute, Chapter 32–21, N.D.C.C.[6]

In view of the foregoing, we conclude that Section 28–01–18(4), N.D.C.C., is directed to wrongful death actions. Summary judgment was properly granted, and we accordingly affirm.

VANDE WALLE, PEDERSON and PAULSON, JJ., concur.

SAND, Justice (special concurrence and dissent).

I concur in most of the principles of law stated in Chief Justice Erickstad's opinion and the case law referred to, but I respectfully dissent from the rationale employed in reaching the conclusion and from the conclusion itself.

An action for wrongful death did not exist under common law and is purely a creature of statute. *Harshman v. Northern Pacific Railway Co.*, 14 N.D. 69, 103 N.W. 412 (1905). In this respect it is an action which meets the provisions of subsection (2) of § 28–01–16, NDCC, as an action resting upon liability created by statute.

Section 28–01–16(2), NDCC, made its first appearance in the Civil Code of 1877, § 54. It provided:

"An action upon a liability created by statute, other than a penalty or forfeiture."

The 1895 Code, § 5201, shows that an amendment was made to the section by changing the period to a comma, and adding "when not otherwise expressly provided;". The 1895 Code does not give any source for changing the period to a comma and adding the language "when not otherwise expressly provided." The North Dakota Century Code under "Derivation" states that it was obtained from Wait's (N.Y.) Code, 91;[1] and Harston's (Cal.) Practice, 337.[2]

Section 28–01–18 first appeared in the Civil Code Procedure of 1877 in § 56, but it consisted only of subsections (1) and (2). Subsection (3) relating to malpractice came into being through Chapter 87 of the 1893 Session Laws. Subsection (4) made its first appearance in the Revised Code of 1895, § 5203, but the source gave no indication as to when it came into being or by what manner it came into being. It provided as follows:

5. An action for criminal conversation, or for any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated;

6. An action for relief on the ground of fraud, in cases which heretofore were solely cognizable by the court of chancery; the cause of action in such cases not to be deemed to have accrued, until the discovery by the aggrieved party of the facts constituting the fraud."

---

**6.** Our research has revealed that thirty-four states have built-in or self-contained statutes of limitation within the provisions of their respective wrongful death acts. 2 S. Speiser, Recovery for Wrongful Death 2d, Appendix A (1975).

**1.** "§ 91. (Am'd 1849)
"Within six years:
1. An action upon a contract, obligation, or liability, express or implied; excepting those mentioned in section ninety;
2. An action upon a liability created by statute, other than a penalty or forfeiture;
3. An action for trespass upon real property;
4. An action for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property;

**2.** "337. Within four years:
"An action for any contract, obligation or liability, found upon any instrument in writing executed in this State."

"An action for injuries done to the person of another, when death ensues from such injuries; and the cause of action shall be deemed to have accrued at the time of death of the party injured."

Sometime later the semicolon was removed and a comma was put in its place.

The derivation in the Code states it came from Wait's (N.Y.) Code, 93;[3] and Harston's (Cal.) Practice, 340.[4]

A review of the statutes of the states from which our law was adopted is not very helpful because the provisions under consideration were not part of the law of the states from which our statutes were modeled. Neither is a review of the New York statutes very helpful because New York ultimately provided for a wrongful death statute which contained its own statute of limitations, and, for that matter, California's wrongful death statute also contains its own time limitations.

However, the courts in two instances left the impression that the limitation pertaining to an action based on a liability created by statute would apply were it not for the fact that the California wrongful death statute, subdivision (3) of § 340 of the Code of Civil Procedure, was a special statute and contained its own period of limitation which controlled, rather than a general statute, subdivision (1) of § 338, Code of Civil Procedure, setting forth the time limitation of actions based on a statutory liability. In *Aetna Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 41 Cal.2d 785, 787, 264 P.2d 5, 6 (1953), the court said:

"No matter who may be the party plaintiff, the cause of action [wrongful death action] is one within the express terms of subdivision 3 of section 340 of the Code of Civil Procedure. That section is a special statute controlling the time within which any action covering such injury may be commenced, and it prevails over the general statute applicable to actions based on a 'liability created by statute'. Code Civ. Proc. sec. 338, subd. 1."

The reasoning of the California court was followed in *Klingebiel v. Lockheed Aircraft Corporation*, 372 F.Supp. 1086 (1971) U.S. District Court North District of California, which was affirmed in 494 F.2d 345, 347 (9th Cir. 1947). I did not make any elaborate effort to find out if any other state has addressed itself to the same question.

The North Dakota wrongful death statute, § 32–21–01, does not contain a limitation of time in which the action must be commenced, therefore we must then go to the statute of limitations found in Ch. 28–01, NDCC, to determine what period of limitations applies to the wrongful death action. As pointed out earlier herein, the wrongful death action is one created by statute and as such it meets the provisions of § 28–01–16(2), which provides:

"The following actions must be commenced within six years after the cause of action has accrued:

2. An action upon a liability created by statute other than a penalty or forfeiture, when not otherwise expressly provided."

A liability created by statute is a liability which would not exist except for the statute. See Vol. 25 Words and Phrases, page 83 et seq., and pocket part. A wrongful death action is one which falls within this definition.

3. "§ 93.

"Within two years:
1. An action for libel, slander, assault, battery, or false imprisonment;
2. An action upon a statute, for a forfeiture or penalty to the people of this State."

4. "340. Within one year:
1. An action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the State, except when the statute imposing it prescribes a different limitation;

2. An action upon a statute or upon an undertaking in a criminal action for a forfeiture or penalty to the people of this State;
3. An action for libel, slander, assault, battery, false imprisonment or seduction;
4. An action against a sheriff or other officer for the escape of a prisoner arrested or imprisoned on civil process;
5. An action against a municipal corporation for damages or injuries to property caused by a mob or riot."

The other provision which may have some application is found in § 28–01–18(4), NDCC:

"*Actions having two-year limitations* —The following actions must be commenced within two years after the cause of action has accrued:

4. An action for *injuries* done to the person of another, when death ensues from *such injuries,* and the cause of action shall be deemed to have accrued at the time of the death of the party injured." [Emphasis added.]

This raises the interesting question: Which of the statutory limitations applies to an action for wrongful death? The principle of law. relating to the interpretation and construction of statutes that every word, clause, and sentence must be given consideration also applies here. With that principle in mind, § 28–01–18(4) is examined.

First, it must be noted that it applies to actions for injuries done to the person of another. The term "injuries" here does not embrace the broad concept of such term but is limited to the injuries which caused the death. This is evidenced from the language "when death ensues from *such injuries*". The term, "such injuries," refers to injuries done to the person of another. In essence, subsection (4) of § 28–01–18 refers to actions for injuries which result in the death of the person injured. After comparing this provision with Ch. 32–21, NDCC, *Death By Wrongful Act,* it must be noted that the damages authorized under Ch. 32–21, more specifically § 32–21–01 and § 32–21–02, the damages relate to the numerous items that the beneficiary might reasonably have expected, including value of services, earning ability, and other such related items. See, *Stejskal v. Darrow,* 55 N.D. 606, 215 N.W. 83 (1927); *Umphrey v. Deery,* 78 N.D. 211, 48 N.W.2d 897 (1951). From this it should be immediately recognized that the wrongful death statute is not limited to merely the injuries done to the person who died, but to damages that the beneficiaries, generally outlined in § 32–21–03, have sustained. A valid argument can be made that

§ 28–01–18(4) relates to the injuries sustained by the person who died from such injuries and that the cause of action survives the injured person and that the cause of action is deemed to have accrued at the time of death of the injured person rather than at the time of the infliction of the injuries. Under this concept, the action under § 28–01–18(4) is a separate and distinct action from the action for wrongful death under Ch. 32–21. As stated in Chief Justice Erickstad's opinion, the wrongful death act compensates the survivors · for losses they have sustained by reason of the wrongful killing of the deceased. *Armstrong v. Miller,* 200 N.W.2d 282 (N.D.1972). This clearly supports the conclusion that the provisions of § 28–01–18(4) merely provide that the cause of action for injuries done to a person who died from such injuries is deemed to have accrued at the time of the death. If death had not ensued, the time limitations would be governed by the ordinary statute of limitations on injuries. The injuries covered would be generally such as pain and suffering, medical expenses, and loss of earnings to the individual injured; whereas the wrongful death statute addresses itself to losses sustained by the beneficiaries, which does not include pain and suffering, medical expenses, etc.

I cannot agree that this court intimated or in dictum said that the appropriate period is a two-year limitation under § 28–01–18(4) in *Hubbard v. Libi,* 229 N.W.2d 82 (N.D.1975), or *Sprecher v. Magstadt,* 213 N.W.2d 881 (N.D.1973), or *Van Ornum v. Otter Tail Power Co.,* 210 N.W.2d 207 (N.D. 1973).

Considering again the provisions of § 28–01–16(2) it should be noted that with reference to a liability created by statute, we have no other provision expressly providing otherwise, and as has already been pointed out, § 28–01–18(4) pertains to injuries done to the person who dies from such injuries and does not address itself to an action for a wrongful death under Ch. 32–21, NDCC.

No matter what rationale is employed· or relied upon, at the very minimum a doubt exists.

In *Sprecher v. Magstadt*, 213 N.W.2d 881 (N.D.1973), the court quoted from *Adams v. Little Missouri Minerals Association*, 143 N.W.2d 659 (N.D.1966), wherein it said:

"Where substantial doubt exists as to which of two limitation statutes is applicable, the longer period will be applied."

This comment was not mere dictum because it also appeared in the syllabus, which was still required pursuant to the Constitution at that time. Under this concept and rationale, § 28–01–16(2), NDCC, applies to the wrongful death statute.

The argument that if § 28–01–18(4) did not pertain to wrongful death actions there would have been no need for its enactment because the same subject matter would be covered in § 28–01–26 is neither convincing nor persuasive. We have repeatedly seen where the Legislature has provided for something in a general way and then provided for a similar or related matter in a more specific manner, which of course gave rise to the rule that the more specific prevails over the general, in the event there is a conflict. If the argument were valid then there would have been no need for the enactment of § 28–01–18(4) because the subject matter was already covered in § 28–01–26. However, as it is, § 28–01–26 pertains to all types of actions, not only those relating to an injury which caused death, whereas § 28–01–18(4) is limited to injuries from which death ensues.

Furthermore, it would seem reasonable and logical that if the Legislature were truly concerned to provide for a special statute of limitations that applied to wrongful death actions at the time it was enacted the Legislature would have provided for such limitation within the wrongful death act rather than enact what is now § 28–01–18(4), NDCC, which makes no mention of the wrongful death act and can be applied to the wrongful death act only by straining, especially where the wrongful death action was already covered in what is now § 28–01–16(2), NDCC.

Even though I am convinced that § 28–01–16(2), NDCC, rather than § 28–01–18(4), NDCC, applies to the wrongful death stat-

ute for the reasons set out earlier herein, I also believe the Legislature should remove any and all doubts by making the appropriate amendment for the benefit of the practicing bar.