Harry P. HAYDEN, Plaintiff
and Appellant,

v.

GOLDEN VALLEY COUNTY, a political
subdivision of the State of North
Dakota, Defendant and Appellee.

Civ. No. 10258.

Supreme Court of North Dakota.

Jan. 14, 1983.

Howe, Hardy, Galloway & Maus, Dickinson, for plaintiff and appellant; argued by Michael J. Maus, Dickinson.

Orrin B. Lovell, States Atty., Beach, for defendant and appellee; argued by Orrin B. Lovell, State's Atty., Beach.

ERICKSTAD, Chief Justice.

The plaintiff/appellant, Harry P. Hayden, is appealing from a June 24, 1982, judgment of the District Court of Golden Valley County. The pertinent facts in this case are not in dispute and thus can be briefly summarized.[1] On April 27, 1982, pursuant to Section 39–12–03, N.D.C.C.,[2] the Golden Valley County Commissioners adopted a resolution restricting travel on roads within Golden Valley County to vehicles weighing not more than 80,000 pounds.

1. These facts were agreed upon and stipulated to by Hayden and Golden Valley County on April 27, 1982.

2. Section 39–12–03, N.D.C.C., reads as follows:
   "*39–12–03. Commissioner or local authorities may limit use of vehicles on highways.* Whenever any highway will be seriously damaged or destroyed by reason of deterioration, rain, snow, or other climatic conditions unless the use of vehicles is prohibited or the weight of the vehicle thereon is limited, the commissioner or employees authorized by him by an order, and local authorities by ordinance or resolution, may prohibit the operation of vehicles upon such highway or may impose restrictions as to the weight of vehicles. The commissioner or employees making such order and local authorities enacting any such ordinance or resolution shall erect or cause to be erected and maintained signs designating the provisions of the order, ordinance, or resolution. Such signs shall be erected and maintained at each end of that portion of any highway affected thereby, and such order, ordinance, or resolution shall not be effective until such signs are erected and maintained. The operation of trucks or other commercial vehicles or limitations as to the weight thereof on designated highways may be prohibited or limited in the same manner."

Signs designating Golden Valley's weight restrictions with regard to loaded vehicles were not erected as required by Section 39–12–03.

On August 25, 1981, under the authority vested in him by the county's resolution, the Golden Valley County Sheriff stopped a truck traveling west of Beach, North Dakota, and required the driver, Timothy Wayne Bublitz, to drive approximately ten miles to a weigh station so that the vehicle's weight could be checked. Neither the driver nor Harry P. Hayden, the vehicle's owner, was provided with an impoundment receipt stating the weight of the vehicle in question.[3]

Hayden's truck allegedly exceeded the county's weight limitation. Therefore, Bublitz was issued a traffic summons and complaint requiring him to appear in county justice court for failing to obtain a special permit which would have authorized him to drive a vehicle of excessive weight on the county's roads.[4] On September 2, 1981, Bublitz appeared in county court for violating Section 39–12–02,[5] N.D.C.C.; Dale Hayden was also present at this hearing.

Attached to Bublitz's ticket was a computation of the $1,054 fine assessed Hayden for extraordinary use of the county's roads. To secure release of his truck, Hayden was required to furnish a cash bond in the amount of $1,054 to cover the fine for extraordinary use of the roads. Dale Hayden, who is Harry P. Hayden's son, posted the requisite amount on August 25, 1981.[6] He was subsequently reimbursed by his father.

Golden Valley County did not file a complaint pursuant to Section 39–12–14, N.D. C.C.[7] To recover the cash bond, Hayden

3. An impoundment receipt is required to be prepared and given to the driver or person in charge of such vehicle by Section 39–12–12, N.D.C.C., which states:

"*39–12–12. Impounding receipt—Information.* A receipt shall be given by the officer impounding the vehicle, to the driver or person in charge of such vehicle. Such receipt shall identify as nearly as possible, the owner of the vehicle and cargo, the driver or person in charge of such vehicle, the cargo, the place vehicle is to be stored during impoundment, the weight of the loaded vehicle and the name and address of the impounding officer. Information as to the owner of the vehicle and cargo shall be obtained from the driver or person in charge of the vehicle."

4. Bublitz should have applied for a permit under Section 39–12–02, N.D.C.C., which provides in pertinent part:

"*39–12–02. Special permits for vehicles of excessive size and weight issued—Contents —Fees.* The commissioner and local authorities in their respective jurisdictions, upon application and payment of the appropriate charges and for good cause shown, may issue a special written permit authorizing the applicant to operate or move a vehicle of a size or weight exceeding the maximum specified by this chapter, upon a highway under the jurisdiction of the body granting the permit."

5. "*39–12–02. Special permits for vehicles of excessive size and weight issued—Contents —Fees.* The commissioner and local authorities in their respective jurisdictions, upon application and payment of the appropriate charges and for good cause shown may issue a special written permit authorizing the applicant to operate or move a vehicle of a size or weight exceeding the maximum specified by this chapter, upon a highway under the jurisdiction of the body granting the permit. Every such permit may designate the route to be traversed, and may contain any other restrictions or conditions deemed necessary by the body granting such permit. Every such permit shall be carried in the vehicle to which it refers and shall be opened to inspection by any peace officer. It shall be a violation of the provisions of this chapter for any person to violate any of the terms or conditions of such special permit. All permits for the movement of excessive size and weight on state highways shall be single trips only.

"An appropriate charge shall be made for each permit and all funds collected hereunder by the state highway commissioner shall be deposited in the state highway fund and are hereby appropriated for use in the construction and maintenance of highways and operating expenses of the highway department. Official or publicly owned vehicles shall not be required to pay charges for permits."

6. Harry P. Hayden was inaccessible at the time of this incident; hence, his son posted the bond.

7. A civil complaint should have been prepared and filed under the authority of Section 39–12–14, N.D.C.C., which reads:

"*39–12–14. Civil Complaint.* The commissioner with the assistance of the attorney general or the state's attorney of the county where such vehicles are impounded, shall immediately prepare and file a civil complaint for the purpose of recovering charges for the extraordinary use of the highways, streets, or roads of this state."

brought an action in district court. However, the district court dismissed Hayden's suit on the basis that he was "collaterally attacking the county justice court's decision and jurisdiction."

On appeal, Hayden contends that the district court erred in dismissing his suit on the basis of res judicata. It is well established that the doctrine of res judicata "binds only parties to the action in which the judgment was rendered and their privies and does not affect strangers to the judgment who are neither parties nor in privity with a party to the action." *Sturdevant v. Sae Warehouse, Inc.*, 270 N.W.2d 794, 798 (N.D.1978); *Armstrong v. Miller*, 200 N.W.2d 282, 284 (N.D.1972); *Stockman v. Anderson*, 184 N.W.2d 53, 56 (N.D.1971); *Feather v. Krause*, 91 N.W.2d 1, 7 (N.D. 1958). Thus, in order for Hayden to be estopped from pursuing his action on the basis of the doctrine of res judicata, we must find that he was a party to the county court proceeding or in privity with the party to the action. Upon review, we find that Hayden was not made a party to the county court action. He was not a named defendant in the criminal case nor was a civil proceeding commenced in which he or anyone on his behalf was named as a defendant. The presence of his son at the hearing on the traffic citation did not constitute his presence, nor do we believe it satisfies the requirement of privity if it were somehow to be argued that it was proper for the justice court in the criminal proceeding to forfeit the cash bond set at the amount of the penalty for the alleged overload.

*Stetson v. Investors Oil, Inc.*, 176 N.W.2d 643 (N.D.1970), a case in which privity was found to exist, is distinguishable from this case on its facts. In *Stetson*, although not parties, the persons adjudicated as being bound by the opinion were in constant contact with the named parties in prosecution of the defense in the litigation. However, in this instance, there is nothing in the record which indicates that Hayden participated in the county court action.

No record of the county court proceeding was presented to the district court. Without a record of the county court proceedings, we do not know whether or not forfeiture of the $1,054 fine was even addressed by the county court, nor do we have any indication that Hayden had an opportunity to litigate his claims with regard to forfeiture of the cash bond.

For an understanding of the application of Chapter 39–12 of the North Dakota Century Code as it relates to forfeitures involved in enforcement of weight restrictions, *see Wentz v. One White 1952 Diesel Three-Ton Tractor*, 110 N.W.2d 178, 181 (N.D.1961). We reverse and remand for proceedings not inconsistent with this opinion.[8]

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.

---

**8.** Hayden's claim that the resolution enacted by Golden Valley County violates the interstate commerce clause is both unpersuasive and unsupported by case law.